(July 31, 1924.)

## FALLS CREEK TIMBER CO., Respondent, v. P. A. DAY, Appellant.

[228 Pac. 313.]

INVOLUNTARY SATISFACTION OF JUDGMENT—STATUTE PRESCRIBING LICENSE TO TAKE TOLLS—ORDER OF COUNTY COMMISSIONERS GRANTING LICENSE BUT NOT FIXING TOLLS—EXPRESS CONTRACT AS TO TOLLS.

1. Where the satisfaction of a judgment was brought about by virtue of an execution levied on the property of the losing party, such involuntary performance of the judgment does not affect the right of appeal.

2. The county commissioners of Shoshone county in January, 1920, passed a resolution granting authority to plaintiff corporation to demand and receive tolls, reciting that "the said Falls Creek Timber Company is authorized to charge such rate or toll as shall be agreed upon by it and the person or persons desiring to transport such logs, poles and other timber products down and through said works, subject at all times to the supervision of this board." *Held,* that under the facts shown by the evidence it was legal for plaintiff to enter thereafter into an express contract with defendant as to the amount it should charge defendant for handling his logs.

APPEAL from the District Court of the Eighth Judicial District, for Benewah County. Hon. John M. Flynn, Judge.

Action upon a contract for the transportation of logs through plaintiff's flume. Judgment for plaintiff. *Affirmed.*

R. B. Norris, for Appellant, cites no authorities.

Wm. D. Keeton, for Respondent.

This court has held in the case of *Strand v. Crooked River Mining & Milling Co.,* 23 Ida. 577, 131 Pac. 5, that the failure to file a praecipe within five days is not jurisdictional. However, a lapse of two months and sixteen days

is a greater length of time than the statutes contemplate and the appeal should be dismissed for laches in perfecting it.

Where the facts in dispute are submitted to a jury and there is any substantial evidence to support the verdict rendered, the same will not be set aside on appeal. (*Bowers v. Bennett,* 30 Ida. 188, 164 Pac. 93; *McAlinden v. St. Maries Hospital Assn.,* 28 Ida. 657, 156 Pac. 115; *Watkins v. Mountain Home Co-operative Irr. Co.,* 33 Ida. 623, 197 Pac. 247; C. S., sec. 7170.)

JOHNSON, District Judge.—The respondent corporation brought this action to recover the sum of $915.32 for the transporting of logs through its flume down Falls Creek to the St. Joe River. The complaint alleged that the agreed and reasonable charge was $4 per thousand feet, which the appellant promised and agreed to pay. The appellant denied the material allegations of the complaint and also pleaded as an affirmative defense that the contract sued upon could not be enforced for the reason that the respondent had no right to take tolls on account of not having obtained a license from the county commissioners of Shoshone county authorizing the respondent to charge tolls or fixing the amount to be charged. The appellant also alleged by way of counterclaim that the respondent had refused to transport other timber of the appellant whereby he was damaged in the sum of $1,000. The jury found that the respondent was entitled to recover the full amount sued for and also found that the appellant was entitled to an offset of $180, returning a verdict in favor of respondent in the sum of $735.32. This appeal is from the judgment entered on the verdict.

Respondent moves to dismiss this appeal upon four grounds; the first being that the notice of appeal was served and filed more than ninety days after the rendering of the judgment. Judgment was entered on November 28, 1921, and the notice of appeal was served February 27, 1922, or ninety-one days after the entry of the judgment. The

last day fell on Sunday, and under C. S., sec. 9451, the appellant filed his notice of appeal within the statutory time. The second ground stated is that no *praecipe* was filed until two months and sixteen days after the filing of the notice of appeal. This court in the case of *Strand v. Crooked River Min. etc. Co.*, 23 Ida. 577, 131 Pac. 5, held that the failure to file a *praecipe* is not jurisdictional and that this section of the statute is not mandatory but directory. However, we again repeat what we said therein: ''That this court feels that it is its duty to call attention to the duty of counsel for appellant to pursue steps required to complete and present appeals speedily, in good faith, and without unnecessary delay.'' The third ground is ''that no transcript of the proceedings was filed with the supreme court within ninety days after the perfecting of the appeal.'' This is without merit for the reason that extensions were granted by members of this court. The fourth ground is that the reporter's transcript of the testimony in the action was never served on the adverse party within five days after being lodged with the clerk or at all, and that it was never settled by the judge who tried the case or at all. While the record is not as clear as it might be, still it seems to show that the same was served and settled. The fifth ground is that ''the judgment rendered in this case has been paid and released of record and there is nothing for the supreme court to pass on.''

The record discloses that no *supersedeas* bond was given by appellant and that the satisfaction of the judgment was brought about by virtue of an execution procured by respondent. 3 C. J. 675, sec. 549, states the rule to be: ''The involuntary payment, performance or satisfaction of a judgment, order or decree does not affect the right of appeal.'' (See, also, *Ramsbottom v. Fitzgerald*, 6 Cal. Unrep. 214, 55 Pac. 984.)

The motions to dismiss and strike the transcript will be denied.

In considering the cause upon its merits, we are confronted with the fact that counsel for appellant in his brief has

assigned a number of errors but does not discuss any principles of law or cite any cases. Appellant's only contention that merits discussion is that this case is governed by the provisions of C. S., sec. 4829, which section appellant claims the respondent failed to comply with. This section is as follows:

"When a corporation is formed *for the construction and maintenance of a bridge, ferry, flume or boom,* or for two or more of said purposes, it must not take tolls on or for the same until authority is granted therefor by the boards of county commissioners of the county or counties where its flume or abutments, landings or anchorages are situated. But after such authority is granted it may demand and receive such tolls as it is so authorized to take, and may, when necessary, secure the right of way for its flume, and the necessary chutes, raceways, landings, abutments and anchorages under the provisions of the Code of Civil Procedure."

The evidence discloses that the respondent corporation owned a tract of timber of its own and that it constructed the flume in 1918 and used the flume for its own use and that the appellant's logs were the first logs it drove for other owners; that between the middle of August, 1920, and September 1, 1920, it drove 228,830 feet of sawlogs belonging to appellant down said flume. It is shown that the county commissioners of Shoshone county in January, 1920, passed a resolution granting authority to the respondent company to demand and receive tolls and "the said Falls Creek Timber Company is authorized to charge such rate or toll as *shall be agreed upon by it and the person or persons desiring to transport such logs,* poles and other timber products down and through said works, subject at all times to the supervision of this board." The testimony of respondent shows that it had an agreement with the appellant by which it was to receive $4 a thousand feet. This is disputed by appellant. After respondent had quit handling appellant's logs the appellant, on October 27, 1920, filed a petition with the board of county commissioners asking the

board to fix the tolls respondent should charge and thereafter, on December 13, 1920, the board passed a resolution to the effect "that the Falls Creek Timber Company . . . . be and it hereby is authorized to take and collect tolls, hereinafter mentioned, for the term of one year *from this 13th day of December, 1920*, . . . . sawlogs, $2.00 per thousand feet board measure."

There is no evidence that the respondent was formed as a corporation for the construction and maintenance of a bridge, ferry, flume or boom, or for two or more of said purposes.

The court instructed the jury that:

"The plaintiff in this action has sued upon what is claimed to be an express contract, made and entered into by and between the plaintiff and the defendant, whereby the defendant agreed to pay to the plaintiff the sum of four dollars per one thousand feet for his saw logs that were transported through the flume of the plaintiff."

We do not believe it necessary for us to pass upon the question as to whether the respondent is the character of a corporation that is subject to the provisions of C. S., sec. 4829, because under the facts in this case it was legal for the respondent to enter into an express contract with appellant as to the amount it should charge appellant for handling his logs. The evidence of such contract was submitted to the jury and the jury found in favor of respondent. The evidence amply justifies the verdict of the jury. The other errors assigned are without merit.

The judgment is affirmed, with costs to respondent.

McCarthy, C. J., and Budge, J., concur.