## TONG v. WAYNE CIRCUIT JUDGE.

APPEAL AND ERROR—NOTHING TO APPEAL FROM WHERE DECREE SATISFIED—MANDAMUS.

Where defendants, within the time for perfecting an appeal, satisfied all of the provisions of the decree against them by paying the money to the clerk of the court, as directed by the decree, there was nothing to appeal from, although the clerk refused to pay the money over to the plaintiffs on presentation of a copy of the decree, as therein provided for, and, therefore, mandamus will issue, if necessary, to compel the circuit judge to vacate an order, subsequently made, extending the time for perfecting an appeal and approval of stay bond.[1]

Mandamus by Jean Tong and another to compel Guy A. Miller, circuit judge of Wayne county, to vacate an order allowing an appeal in chancery.    Submitted April 21, 1925.    (Calendar No. 31,874.)    Writ granted June 18, 1925.

[1]Appeal and Error, 3 C. J. § 550; Mandamus, 38 C. J. § 142.

*Proctor K. Owens* and *Charles A. Svenson,* for plaintiffs.

Steere, J.    This mandamus proceeding arises out of a suit in the Wayne county circuit court, in chancery, entitled Jean Tong and Oscar Tong *v.* Grover C. Ake and Ada O. Ake, brought by the Tongs for cancellation of a contract by the terms of which they agreed to buy from the Akes a short time lease of and the furniture in a rooming house on Second avenue in the city of Detroit for the price of $7,500, with a substantial payment down and a series of notes for deferred payments of the balance of the purchase price.    The contract was executed on March 31, 1924. The Tongs then made the initial payment, gave their notes as agreed for the balance and were let into possession.    Not long thereafter they discovered, as claimed, that they had been sadly deceived in numerous material particulars and induced to enter into the contract by a series of grossly false and fraudulent representations upon which they, in ignorance of the truth, relied.    They thereupon repudiated the contract, tendered back to the Akes a reassignment of the lease and possession of the property, demanded return of the money they had paid and the notes they had given them.    The Akes yet occupied quarters in the rooming house, and after their refusal of the conditional tender and demand by the Tongs, the latter left and began suit for cancellation of their contract, asking that it and the notes they had given be declared void and ordered canceled, and an order or decretal judgment for return of the over $3,000 which they had been fraudulently induced to pay on the contract.    When brought to issue the case was heard upon its merits on testimony taken in open court. The presiding judge then rendered an opinion reviewing the issues raised, finding plaintiffs had fully sustained the allegations of false and fraudulent in-

ducements in their bill and held they were entitled to the relief asked. A final decree in harmony with the opinion was signed and filed by him on December 23, 1924.

This decree is carefully worded and covers the subject in detail. It declares in substance that the Tongs are entitled to the full relief prayed for, declares void the contract and series of notes given by them for deferred payments on it, directs they be turned over to the Wayne county clerk for cancellation within ten days, orders and decrees that the money which defendants secured from plaintiffs, amounting with interest to $3,700, be returned to them within ten days and—

"that such sums shall be paid by the said defendants as aforesaid to the clerk of the Wayne circuit court. * * * And that all of such sums of money when received by the said clerk of Wayne circuit court from the said defendants shall be paid to the plaintiffs by said clerk upon presentation of copy of this decree to said clerk."

A lien in the nature of a chattel mortgage was given plaintiffs upon the furniture involved for the amount decreed, with power to foreclose the same, also right of execution therefor against the real and personal property of defendants, and if those methods failed in whole or in part it was further decreed that the Tongs might "have writ of body execution against the body of said defendant Grover C. Ake." Plaintiffs were awarded costs to be taxed.

Defendants' counsel seasonably gave notice of appeal and paid the appeal fee to the clerk, but filed no bond to stay execution, and within the ten days defendants turned over to the clerk the contract and notes held invalid and paid to him the $3,700 as the decree directed, taking his receipt therefor. They also paid plaintiffs' attorneys their taxed bill of costs amounting to $109.40. On January 5th, plaintiffs' attorneys

presented to the clerk a certified copy of the decree and demanded of him the money and notes, claiming right thereto under the terms of the decree. The clerk declined to comply with their demand without an order from the court to do so. The judge who presided at the hearing and rendered the decree was from another circuit to which he had then returned. Following this demand and refusal, defendants' counsel, on January 6, 1925, served plaintiffs' counsel with notice of a motion to be heard before one of the Wayne county circuit court judges, on January 10, 1925, for extension of time to perfect their appeal and justify proposed sureties for stay of execution under the statute. Plaintiffs' counsel appeared and objected to the motion being entertained on the ground that defendants had fully satisfied the decree by payment of the entire amount decreed to the clerk, whose duty it then was under the mandatory provisions of the decree to pay the same to plaintiffs on their presenting to him a copy of said decree, which they had done before receiving notice of the application objected to. The judge overruled the objection and entered an order extending the time. He at first refused to approve of the sureties proposed but with certain changes eventually accepted the bond upon condition that the money paid to the clerk under the decree remain with him pending the appeal, saying in part, "If it had not been for the fact that the money had been paid into court I would not approve this bond, because it would not be sufficient." Plaintiffs then made application to this court for an alternative writ of mandamus requiring said judge to set aside his conditional approval of sureties on the stay bond and order extending time to perfect an appeal.

In answer to an order to show cause defendant herein makes return admitting consecutively eleven of the twelve paragraphs constituting plaintiffs' applica-

tion for an alternative writ.    In answer to the twelfth concluding paragraph defendant "neither admits nor denies the relators are entitled to the relief sought for in their petition" and submits the question to this court, requesting that the relief asked for be granted if plaintiffs are found entitled to it and if not that their petition be denied.

Passing plaintiffs' various objections against the validity of the orders approving the bond to stay proceedings and for extension of time, because not in compliance with statutory requirements relative to appeals in chancery, we find in defendants' return to order to show cause that "answering paragraph two of relators' petition, this respondent admits the allegations therein contained to be true."    Paragraph two of relators' petition is as follows:

*"Second:* That the said defendants have satisfied the said decree and complied with its terms completely and fully by paying into the county clerk's office for Wayne county the exact amount of money payable under such decree, turning over to said county clerk's office all of the notes which in said decree was ordered turned over to the county clerk's office and by paying the plaintiffs' tax bill of costs in the amount of $109.40."

By like answer to paragraph nine of relator's petition respondent admits as true the allegation "That the said decree was fully complied with by the defendants and that there was nothing to appeal from." On this record we find those admissions true in fact and law.    When defendants paid the amount of the judgment to and deposited the notes with the clerk they had fully complied with all requirements of the decree.    All the decree imposed and all plaintiffs asked was return of the money they had paid, with interest, surrender of their notes, and costs.    The decree was final and appealable.    Its provisions for paying the determined amount to the clerk and by

him to plaintiffs was not an interlocutory order for a deposit of funds in charge of an officer of the court for safe keeping pending litigation. It but amounted to a prescribed method by which defendants could readily satisfy all requirements of the decree to the exclusion of any further proceedings against them for its enforcement. The court could not and did not make such payment a condition precedent to appeal. Satisfaction of the decree was voluntary. Defendants' statutory right to appeal for review of all its provisions yet remained in full force. By perfecting their appeal and giving a proper bond as the statute authorized, conditional on performance of the decree if affirmed, they would have stayed all proceedings to enforce any of its provisions until final adjudication of the case on their appeal. While that right yet remained to them they elected to pay the adjudicated amount and comply with all other requirements of the decree, including payment of costs. Why they chose to pursue that course is left to conjecture, as no brief has been filed here in their behalf.

The decree in effect makes payment of the money to the clerk payment to plaintiffs, only imposing on him the ministerial duty of paying it over to them when they present him an authenticated copy of the decree. His failure to comply with its mandate does not change plaintiffs' rights under the decree. Neither could defendant herein, who took no part in the hearing of the case, do so on an *ex post facto* application for extension of time and approval of stay bond, especially when it appears under the undisputed facts that said decree "was fully complied with by the defendants and there was nothing left to appeal from."

Plaintiffs are entitled to the relief asked, and if necessary writ may issue accordingly.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, FELLOWS, and WIEST, JJ., concurred.