Beacon Home Equipment Company, Inc., Plaintiff-
Appellee, v. Roy Paulsen and Elsa Hansen, Co-
party Defendants below. On Appeal of Olaf C.
Hansen, Defendant-Appellant.

### Gen. No. 45,223.

Opinion filed May 9, 1951. Rehearing denied. Released for publication
July 5, 1951.

CHARLES H. SOELKE, of Chicago, for appellant.
No appearance for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

On October 17, 1949, the Beacon Home Equipment Co., Inc., filed a statement of claim in the municipal court of Chicago against Roy Paulsen, Olaf C. Hansen and Elsa Hansen, alleging that Roy Paulsen is a general contractor; that the Hansens were the owners of the real estate commonly known as 5052 North Lowell Avenue, Chicago; that at the special instance and request of·all the defendants it supplied material and service for the premises; that there was a balance due of $152.22; that due notice of a ''subcontractor's claim for lien'' was served on the Hansens; and that there was due from Paulsen, as general contractor, and from the Hansens, as the owners, the sum of $152.22. Plaintiff asked judgment for that amount.. When the case came on for trial on February 10, 1950, the court found the issues against defendant Roy Paulsen, assessed the damages at $152.22 and entered judgment against him. At the time the judgment against Paulsen was entered the attorney for plaintiff stated to the court that he was not ready to proceed with the trial against the Hansens, the owners of the property, and that if the case against the Hansens were postponed for 60 days, the judgment against Paulsen would be satisfied and the case disposed of. The attorney for the Hansens thereupon stated that because plaintiff was proceeding on the basis of a subcontractor's lien ''there must be a judgment against both the contractor and the owners or none.'' He asked that his clients be ''dismissed.'' The attorney for plaintiff stated that he would ''take the risk.'' Evidence was heard. Over the objection of the owners the case was then continued until March 15, 1950, at which time further testimony was heard. On

March 15, 1950, the court dismissed Elsa Hansen from the case and entered judgment for $152.22 against Olaf C. Hansen, who has appealed asking that the judgment be reversed.

█ After defendant filed his record, abstract and briefs plaintiff moved to dismiss the appeal, supporting the motion by an affidavit stating that on October 19, 1950, Roy Paulsen "satisfied the entire judgment and costs"; that on the same day plaintiff "filed a Satisfaction of Judgment against both defendants"; that "there are no issues to be decided"; and that "the question presented by this appeal is therefore moot." In countersuggestions the defendant, Olaf C. Hansen, opposes the motion to dismiss. Plaintiff did not file a brief. It is well established that a court of review will dismiss an appeal where facts are disclosed which show that only moot questions or abstract propositions are involved and that issues that have ceased to exist will not be adjudicated solely for the purpose of establishing a precedent or determining the question of costs. *Jones v. Clark*, 355 Ill. 527, 530. In *Page v. People ex rel. Weber*, 99 Ill. 418, the court said (425):

"We do not consider it important to inquire, whether, as contended by counsel for defendant in error, the law is that the plaintiffs in error, under the facts disclosed by this record, can not recover the money paid by them upon this judgment, or whether it is the other way, since it is well settled that the payment or satisfaction of a judgment against a party can never be allowed as a bar to a writ of error, 'even in case where we must see that no restitution could follow the reversal as a legal consequence, and no costs be recovered. An erroneous judgment against him is an injury *per se,* from which the law will intend he is or will be damnified by its continuing unreversed.' "

█ Defendant, Olaf C. Hansen, did not pay the judgment or request plaintiff to satisfy it. In the trial

court he opposed its entry and appealed for the purpose of reversing it. A study of his brief convinces us that he is entitled to a reversal. It would be unjust to allow the judgment to stand. He has a right to be vindicated in his position. The proper procedure in our opinion would be for the plaintiff to confess error and consent to the reversal of the judgment. We find that the motion of plaintiff, in substance, constitutes a confession of error. Therefore, the judgment of the Municipal Court of Chicago against Olaf C. Hansen is reversed.

*Judgment reversed.*

KILEY and LEWE, JJ., concur.