367 P.2d 763

Roscoe C. RICH, Ernest E. Gaffney and Wallace C. Burns, Idaho Board of Highway Directors, Plaintiffs-Respondents,

v.

Florence WYLIE, Faye Gregg and Grover Cleveland Gregg, Husband and Wife, Luther Mashburn, The Federal Land Bank of Spokane, a Corporation, Defendants,

E. M. Hayes, Jr., and Karen Hayes, Husband and Wife, Defendants-Appellants.

No. 9021.

Supreme Court of Idaho.

Jan. 4, 1962.

Felton & Bielenberg, Moscow, for appellants.

Wm. R. Padgett, Chief Legal Counsel for Dept. of Highways, Anton Hohler, Dept. of Highways, Boise, for respondents.

**60**

McQUADE, Justice.

This is an appeal from an order denying the motion of defendants Hayes to set aside two judgments in a condemnation proceeding.

Defendant Florence Wylie, Faye Gregg, Grover Cleveland Gregg and Luther Mashburn formerly owned certain ranch property in Benewah County; defendant The Federal Land Bank of Spokane held a mortgage on the premises.

E. M. Hayes, Jr., and his father, E. M. Hayes, Sr., were negotiating to purchase the property from the record owners. During these negotiations, representatives of the Idaho Board of Highway Directors met with the elder Hayes and offered $6,000 for a right of way through the premises. There was also some correspondence between them relative to a proposed purchase of gravel for highway purposes.

Defendant E. M. Hayes, Jr., states in an affidavit there was a

"* * * definite sale and purchase of such premises on or about the 7th day of July, 1959, at which time affiant took possession of said premises and * * * placed a number of cattle thereon."

Plaintiffs commenced this condemnation proceeding July 20, 1959, filing a complaint, a summons and a lis pendens, and naming as defendants only the record owners and the mortgagee, but not appellants.

A warranty deed from defendants Mashburn, Wylie and Gregg to defendants Hayes was recorded September 3, 1959. None of the grantors appeared in the condemnation proceeding, and default was entered against them September 13, 1960.

The first judgment in condemnation was signed September 19, setting the value of the property taken, the value of improvements, and interest at $5,078.16, and adjudging no damage to the remaining property not sought to be condemned. A second judgment in condemnation was signed September 30, 1960, condemning a strip through the ranch property together with certain easements.

Thereafter defendants E. M. Hayes, Jr., and Karen Hayes filed motions to be joined as parties defendant and to set aside the default and the judgment. The trial court, after a hearing, granted appellants' motion to be joined

"* * * Provided, that the default and the judgments, both first and final, entered pursuant thereto shall have application to E. M. Hayes, Jr. and Karen Hayes, his wife."

The court denied appellants' motion to set aside the default.

From this order, E. M. Hayes, Jr., and Karen Hayes appeal. They set out a single assignment of error, urging the trial court erred

"* * * in ordering, adjudging, and decreeing that the Motion of the Appellants to set aside the default and the first and second judgments in condemnation be overruled and their motion dismissed and the said judgments stand as written and such order applying to Appellants with the same force and effect as to the original Defendants."

In their brief, appellants argue the award of damages is inadequate, that taking of the right-of-way will

"* * * [result] in irreparable and great damage to the cattle ranch as a unit * * *"

And the actual damage to the premises amounts to at least $15,000.

Idaho Rules of Civil Procedure, Rule 55 (c) provides for setting aside a default:

"For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with rule 60(b)."

Rule 60(b) reads in part as follows:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * * (3) fraud * * * misrepresentation, or other misconduct of an adverse party; * * * (6) any other reason justifying relief from the operation of the judgment. * * *"

It is this portion of the statute appellants seek to invoke. Respondents on their part argue the judgments should not be set aside because the lis pendens gave appellants notice of the pending action, and it is now too late for them to defend.

I.C. sec. 7-709, relating to eminent domain proceedings, provides:

"All persons in occupation of, or having or claiming an interest in, any of the property described in the complaint, or in the damages for the taking thereof, though not named, may appear, plead and defend, each in respect to his own property or interest, or that claimed by him, in like manner as if named in the complaint."

Our general statute relating to lis pendens is I.C. sec. 5-505:

"In an action affecting the title or the right of possession of real property, the plaintiff at the time of filing the complaint, and the defendant at the time of filing his answer, when affirmative relief is claimed in such answer, or at any time afterward, may file for record with the recorder of the county in which the property or some part thereof is situated, a notice of the pendency of the action, containing the names of the parties, the object of the action or defense, and a description of

the property in that county affected thereby. From the time of filing such notice for record only shall a purchaser or incumbrancer of the property affected thereby be deemed to have constructive notice of the pendency of the action, and only of its pendency against parties designated by their real names."

Taking as true the affidavit of appellant E. M. Hayes, Jr.,—which affidavit is not controverted—it appears appellants acquired some interest in the property July 7, 1959, prior to the commencement of this action. Hayes described the transaction as a "definite sale and purchase" followed by taking of possession. It does not appear from the record how the sale and purchase was evidenced, whether by agreement or by deed.

It likewise appears from the affidavit the plaintiffs, at the time of bringing the action, had actual knowledge Hayes or his father was negotiating for, had an interest in, or had purchased the property. The affidavit further represents that a representative of the plaintiffs offered $6,000 for the purchase of a right of way.

A case closely parallel is Jennings v. Kiernan, 35 Or. 349, 55 P. 443, 446, rehearing denied 35 Or. 349, 56 P. 72. The United States government sought to withdraw from entry or sale lands which had been patented to a railroad company. It failed to join as a party defendant one who had covenanted to buy the property. The Oregon court held if the plaintiff had knowledge of the agreement for sale, it must join the grantee as a defendant rather than relying on the notice given by lis pendens. That court said:

"* * * where the antecedently acquired equity is of such a nature or character, or has been acquired in such a manner that the plaintiff is charged with notice or knowledge of it, he must make the holder thereof a party; and, if he omits to do so, it will be at his peril. * * *"

To the same effect, see Eldridge v. Stenger, 19 Wash. 697, 54 P. 541; Chaudoin v. Claypool, 174 Wash. 608, 25 P.2d 1036.

The effect of the order was to make the appellants parties to the action without affording them an opportunity to be heard; such procedure constituted a violation of due process.

"* * * 'Due process of law,' as used in section 13, art. 1, of the constitution of this state, and also in the Constitution of the United States, when applied to judicial proceedings, means that every litigant shall have the right to have his cause tried and determined under the rules of procedure, the same as are applied to other similar cases * * *." Eagleson v. Rubin, 16 Idaho 92, 100 P. 765, 768.

Plaintiffs having had actual knowledge of appellants' interest, it was incumbent on them to join appellants as parties defendant, so that the latter might present their case to the trial court. Plaintiffs having failed to do so, it was an abuse of discretion for the trial court to refuse to set aside appellants' default, reopen the case and permit appellants to submit proof, including presentation of evidence as to severance damages.

The order of the trial court is reversed and the cause is remanded for proceedings consistent herewith.

Costs to appellants.

SMITH, C. J., and TAYLOR, KNUDSON, and McFADDEN; JJ., concur.