459 P.2d 1013

**MOUNTAIN STATES IMPLEMENT COM-PANY, a corporation, Plain-tiff-Respondent,**

v.

**John SHARP, Defendant-Appellant.**

**No. 10424.**

Supreme Court of Idaho.

Oct. 17, 1969.

Gee & Hargraves, Pocatello, for defendant-appellant.

Young, Thatcher & Glasmann, Ogden, Utah, Harris & Cook, Shelley, for plaintiff-respondent.

SHEPARD, Justice.

The question in this case is whether or not the facts as stated warrant the setting

aside of a default judgment entered against defendant-appellant.

The default judgment resulted from a failure to pay on a contract under which plaintiff-respondent sold farm machinery to defendant-appellant. The vendor was represented by counsel in Ogden, Utah, and instructed its said counsel to collect the deficiency. A complaint was forwarded to one Howard Armstrong, an Idaho attorney practicing in Pocatello, for filing in Idaho. On January 15, 1968, Armstrong filed the complaint under the name and style of Gee, Hargraves & Armstrong, plaintiff's resident counsel.

Defendant-appellant received personal service of the complaint on January 15, 1968. Immediately thereafter he met with Merrill Gee, who was legal counsel for defendant-appellant, and indicated the conflict in interest between Gee and Armstrong. Armstrong advised the Utah law firm of the oversight and of his intention to withdraw. Gee also advised the Utah law firm of the conflict problem, suggested a substitution of attorneys for plaintiff-respondent, and indicated that if defendant-appellant defended the action, he (Gee) would also withdraw. On February 12, 1968, the Utah law firm responded that the forwarding of the matter to Armstrong had been a mistake since they were aware that Gee was already representing defendant-appellant. The firm requested the return of the file so that new resident counsel might be obtained to prosecute the case.

Thereafter Armstrong formally withdrew as plaintiff-respondent's counsel assigning as his reason membership in the same firm as defendant-appellant's counsel. This formal notice was acknowledged by court order. Thereafter Utah counsel requested Armstrong to forward the contracts in controversy in this action to the law firm of Harris & Cook in Shelley, Idaho, which was done on July 15, 1968.

This matter had come on at calendar call on April 1 and July 8, 1968, but the district court had passed it each time. When the matter reached the office of Harris & Cook,

the summons and sheriff's return thereon were filed on July 19, 1968. At that time Gee had neither taken action to file any responsive pleading nor to indicate his representation of defendant-appellant, although he was aware of the filing of the action and his representation of the defendant-appellant since January, 1968.

On July 25, 1968, a default judgment was applied for and granted August 19, 1968. A copy of this judgment was mailed to the defendant-appellant on August 23, 1968. On approximately June 20, 1968, defendant-appellant had moved from Idaho to Freedom, Wyoming, and he claims that as a result he never received the copy of the judgment. The sheriff levied execution on the property of defendant-appellant and the defendant-appellant received notice thereof on or about November 17, 1968.

On November 21, 1968, Gee, acting as counsel for defendant-appellant, moved the court to set aside the default judgment and stay execution proceedings. The court denied the motion and on January 13, 1969, Gee, as counsel for defendant-appellant, made a motion for reconsideration. Contemporaneously with the motion for reconsideration and almost one year after the original complaint had been filed by a member of the purported firm of Gee, Hargraves & Armstrong, Gee filed an answer and counterclaim in the action.

The district court denied the motion for reconsideration. Defendant-appellant appeals to this Court assigning as error the denial of the reconsideration motion.

The district court in its denial of the motion for setting aside the default judgment found that Gee and Armstrong were estopped to deny membership in the law firm of Gee, Hargraves & Armstrong since such was the reason cited for withdrawal of Armstrong as resident counsel for plaintiff-respondent. The court further found that counsel for defendant-appellant was negligent for his failure to file an appearance and/or a responsive pleading to the complaint within a reasonable time. The court also found that the defendant-appellant had

mailed a copy of the default judgment to his counsel (Gee) on August 23, 1968, and that the lapse of time between that date and November 21, 1968, was an unreasonable time within which to move to set aside the default judgment. This last finding of the trial court is not substantiated in the record. Both Gee and Armstrong had filed affidavits that they were not partners but merely shared office space and that Gee, therefore, had no knowledge of the withdrawal and substitution of attorneys for plaintiff-respondent. Such affidavits are indeed strange in view of the affidavit of Merrill Gee dated November 20, 1968, which states *inter alia:*

> "MERRILL K. GEE, being first duly sworn, deposes and says: I am a duly licensed and practicing lawyer and a member of the firm of Gee, Hargraves & Armstrong of Pocatello, Idaho."

It was also claimed that Gee had assumed an amended complaint would be filed which would name new counsel for plaintiff-respondent.

Counsel for defendant-appellant contends that he was entitled to written notice of the change of attorney for plaintiff-respondent, citing I.C. §§ 3–203 and 3–204, and I.R.C.P. 11(b). Rule 11(b) provides:

> "In the event an attorney ceases to act or a substitute attorney appears, or a party heretofore represented by attorney appears without attorney, written notice must be given hereof as provided by rule 5."

Rule 5(a) provides:

> "Every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, brief and memorandum of law, and similar paper shall be served upon each of the parties affected thereby, but no service need be made on parties in default

for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4."

■ Insofar as I.C. §§ 3–203 and 3–204 are inconsistent with I.R.C.P. 11(b), we hold that said statutes are pre-empted by I.R.C.P. 11(b).

We take judicial notice of the files and records in the Supreme Court of the state of Idaho and find that for a number of years Gee, Hargraves & Armstrong have filed numerous documents and have appeared in this Court under the name and style of Gee, Hargraves & Armstrong. We note specifically in this case that there is evidence that they share the same office space, that they file pleadings in district courts, list themselves on their letterhead and are included in a Law Directory under the name and style of Gee, Hargraves & Armstrong. We, therefore, affirm the action of the district court in holding that they are thus estopped to deny that they have held themselves out to be partners in the practice of law. Having affirmed the action of the district court in its finding of estoppel, this Court finds it obvious that Gee, as counsel for defendant-appellant, was not entitled to additional notice of the withdrawal of Armstrong as attorney for plaintiff-respondent.

We now turn to the second question which is whether or not defendant-appellant and his counsel were given notice of the appearance of "a substitute attorney" or if defendant-appellant and his counsel were entitled to such notice in view of the language of I.R.C.P. 5(a), "but no service need be made on parties in default for failure to appear * * *." The simple answer to the above question might be that the defendant-appellant had been in default under the provisions of I.R.C.P. 5(a) for the period of time beginning 20 days after the service of the initial complaint on January 15, 1968. Counsel for defendant-appellant argues that I.C. § 3–204 required him to recognize for-

mer counsel (Armstrong) until he received written notice of representation by new or substitute counsel. It is further argued that being so bound to continue recognizing Armstrong, Gee could not ethically file an answer because to do so would mean one firm of attorneys would be representing both plaintiff and defendant in the same lawsuit. We are reminded that such would be a clear violation of Canon 6 and would be a violation even if Gee and Armstrong were merely sharing office space and were not partners; see A.B.A. Informal Opinion 284 and Idaho Committee on Professional Ethics, Opinion 19.

■ It is our opinion that under the strange and unusual circumstances of this case such a contention cannot be logically made. Since Gee remained as counsel for defendant-appellant, he obviously could not continue recognizing his partner Armstrong as counsel for plaintiff-respondent. Gee had actual knowledge that Armstrong had withdrawn as counsel for plaintiff-respondent and indeed the record is clear that he was aware of the entangled circumstances and had advised Utah counsel of the difficulties which had arisen. It is clear that Gee was aware of the representation of plaintiff-respondent by Utah counsel. If Gee felt that an answer could not be served on the plaintiff personally under the provisions of I.R.C.P. 5(b),

> "Whenever under these rules service is required or permitted to be made upon a party *represented by an attorney* the service shall be made upon the attorney unless service upon the party himself is ordered by the court." (Emphasis supplied),

he certainly could and should have presented the matter to the court and obtained an order for service of an answer upon plaintiff-respondent. This he did not do and insofar as the record indicates, he made no attempt to ascertain from Utah counsel who, if anyone, might have been designated as Idaho counsel for plaintiff-respondent. We mention only in passing the knowledge which must be imputed to Gee, to-wit: that the file of the plaintiff-respondent had been forwarded to Idaho counsel, to-wit: Harris & Cook. Insofar as the contention that Gee was expecting an amended complaint, it is sufficient to say only that no basis existed therefor. We hold, therefore, that defendant-appellant was in default and, therefore, was not entitled to written notice of "substitute attorney" under Rule 11(b).

We turn to the final question presented in this case—whether or not the defendant-appellant in this matter must suffer through the neglect of his attorney in causing or permitting the entry of default judgment.

I.R.C.P. 60(b) provides in pertinent part:

> "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * *."

I.C. § 5–905 provides in pertinent part:

> "Whenever any judgment, order or proceeding is taken against a party otherwise without default, through the neglect or failure of any attorney of such party to file or serve any paper within the time limited therefor, the court, or the judge thereof, in vacation, shall, upon application filed within the time above limited, set aside such judgment, order or proceeding and may, in its discretion, require the attorney guilty of such failure or neglect to pay the costs or expenses actually and necessarily occasioned to the opposite party by such failure or neglect, and may, in its discretion, also impose upon such attorney a penalty of not exceeding $100.00."

■ It is our opinion that I.C. § 5–905 has not been completely abrogated by the enactment of I.R.C.P. 60(b) insofar as the above quoted language of I.C. § 5–905 is concerned. Andrus v. Irick, 87 Idaho 471, 394 P.2d 304 (1964). We note in passing that the above cited case involved the same attorneys as are involved in the case at bar. We further hold under the authority of Andrus v. Irick, supra; State ex rel.

Sweeley v. Braun, 62 Idaho 258, 110 P.2d 835 (1941); and Miller v. Brinkman, 48 Idaho 232, 281 P. 372 (1929), that under I.C. § 5–905 "the neglect of the attorney in causing or permitting the default is a mandatory excuse."

There is no showing in the record that the defendant was personally negligent or at fault so as to prevent the application of I.C. § 5–905. Plaintiff-respondent argues that no showing of a meritorious defense to the claim has been alleged. Defendant-appellant's answer, albeit eleven months late in filing, alleges that the machinery sold to him was defective and such might constitute a meritorious defense if so found by a jury.

Plaintiff-respondent urges that it would be prejudiced by the setting aside of the default judgment. It points out that defendant-appellant has moved from the state of Idaho and that while the default judgment and levy of execution exists his claim is secured, but if said judgment were vacated, security for his claim might be dissipated. Plaintiff-respondent does not appear to have been guilty of over-reaching or bad faith in the matter at bar and we believe he is entitled to protection of his otherwise secured claim. As above set forth, Rule 60(b) provides in pertinent part:

"On motion and *upon such terms as are just,* the court may relieve a party or his legal representative from a final judgment, * * *." (Emphasis supplied)

I.C. § 5–905 provides in pertinent part: "The court may, *in furtherance of justice and on such terms as may be proper,* * * enlarge the time for answer * * *. The court may likewise, in its discretion, * * * upon such terms as may be just * * * relieve a party, * * * from a judgment, * * *." (Emphasis supplied)

The action of the district court is reversed and the court is instructed to vacate the default judgment. The district court is further instructed that its order vacating the judgment as above mentioned shall require as a condition thereof that adequate security be posted with the court by defendant-appellant to secure the full amount of the judgment and costs heretofore secured by the execution upon the property of defendant-appellant. The district court is further instructed to consider I.C. § 5–905 and impose on counsel for defendant-appellant such sanctions, if any, as in its discretion appear appropriate and warranted by the circumstances of the cause. No costs allowed.

McFADDEN, C. J., McQUADE and DONALDSON, JJ., and MARTIN, D. J., concur.