481 P.2d 605

**W. H. ACKER and Jacquetta M. Acker, husband and wife, Plaintiffs-Appellants,**

v.

**Harold MADER and Evelyn Mader, husband and wife, Defendants-Respondents.**

**No. 10636.**

Supreme Court of Idaho.

Feb. 23, 1971.

---

Donart & Donart, Weiser, for appellant.

Gatchel & Batt, Payette, for appellee.

SHEPARD, Justice.

This action was instituted by the mortgagors of real property following a foreclosure asking for the return of the property for the period of redemption. General and punitive damages were sought on the basis of allegations sounding in the nature of malicious prosecution or abuse of process.

Plaintiffs-appellants mortgaged certain real property consisting of several acres of pasture land and a house thereon. Following non-payment the mortgage was foreclosed in May, 1966, and a foreclosure sale took place on October 16, 1966. Defendants-respondents were purchasers at the foreclosure sale and received a sheriff's certificate of sale.

Following negotiations defendants-respondents agreed to rent the property to plaintiffs-appellants. Rent was paid for the months of November, December and part of January. Plaintiffs-appellants thereafter consulted an attorney who advised them that they need not pay rent during the period of redemption following the foreclosure sale. Rent was thereafter not paid. On April 9, 1967, a notice to quit the premises or in the alternative to pay the agreed rental payments was served on plaintiffs-appellants. Following non-compliance, an unlawful detainer action was filed in the Justice of the Peace Court on April 13, 1967. A motion to dismiss that action was filed by plaintiffs-appellants and, after notice of hearing, the motion was overruled. An order requiring plaintiffs-appellants to answer the complaint within five days was mailed to plaintiffs-appellants, but no answer was filed. Thereafter, although no notice of application to take a default judgment was served on or mailed to plaintiffs-appellants, a default judgment was taken in the Justice's Court on May 11, 1967.

On May 19, 1967, the sheriff served an execution upon judgment for restitution of the property. The sheriff returned after five days and learned that plaintiffs-appellants were still on the property and would not voluntarily quit the premises. They were therefore removed bodily, taking with them only a few articles of clothing and necessities. They returned to the premises the following morning and found a newly erected fence barring access to the property and after a spirited discussion, the sheriff was again called and required the plaintiffs to leave. The sheriff also arranged for a transfer company to remove the property of the plaintiffs following their indication that they did not want their personal property moved into the street. Plaintiffs received bills for storage of their personal property, which they refused to pay, and after approximately 18 months the property was sold at public auction.

As aforesaid, plaintiffs then initiated the present action on July 24, 1967, asking for the return of property and damages on the basis of certain allegations, although the exact nature of the action was not identified. We note that this case came on for trial on November 24, 1969, more than three years after the foreclosure sale and more than two years after the redemption period had expired. I.C. §§ 11–402 and 11–403. The record is completely silent as to any effort or attempt by the mortgagors to exercise their right of redemption at any time. At the conclusion of plaintiffs' case at trial, defendants moved for an involuntary dismissal with prejudice. That

motion was granted and findings of fact and conclusions of law were entered. From that order and findings plaintiffs appeal.

We examine first the question regarding the effect of the foreclosure sale. I.C. § 11–407, provides in pertinent part:

"The purchaser, from the time of the sale until a redemption, * * * is entitled to receive, *from the tenant in possession,* the rents of the property sold, or the value of the use and occupation thereof. * * *" (Emphasis added)

This Court, in the case of Caldwell v. Thiessen, 60 Idaho 515, 519, 92 P.2d 1047 (1939), held:

"The word 'tenant' as used in section 8–407, I.C.A., supra, [predecessor of section 11–407] was thus used in its generic sense, and a mortgagor holding over during the period of redemption is a 'tenant in possession' within the meaning of the statute."

■ Defendants, upon their purchase of the property at the foreclosure sale, obtained all of the right, title and interest of plaintiffs in the property, and the only right of plaintiffs remaining thereafter was to re-obtain title within the statutory period of time by compliance with the redemption statutes. Caldwell v. Thiessen, supra; I.C. §§ 11–401, 11–402, 11–404 and 11–405. Therefore, defendants herein had the right to demand and receive the rents from plaintiffs and upon breach of that agreement, defendants were proper in their institution of action to recover the rents due or to remove plaintiffs from the property.

We turn to the next question raised by appellants, to-wit: the propriety of filing an unlawful detainer action in a Justice's Court. Appellants maintain that there was no jurisdiction in the Justice's Court to entertain that action. Prior to 1956, § 22 of Art. 5 of the Idaho Constitution provided that Justices of the Peace "shall not have jurisdiction of any cause wherein the value of the property or the amount in controversy exceeds the sum of three hundred dollars, exclusive of interest, nor where the boundaries or title to any real property shall be called in question." In 1956, said section was amended to provide in pertinent part:

"Justices of the peace shall have such jurisdiction in civil and criminal cases as may be conferred by law, but they shall not have jurisdiction of any cause * * * where the boundaries or title to any real property shall be * * * in issue." S.J.R. No. 5, Session Laws 1955, p. 670.

In 1962, that section was repealed (S.L. 1961, p. 1077, H.J.R. No. 10, ratified at general election November 6, 1962.) Also in 1962, Art. 5, § 2 of the Idaho Constitution was amended to read in pertinent part:

"The jurisdiction of such inferior courts shall be as prescribed by the legislature. Until provided by law, no changes shall be made in the jurisdiction or in the manner of the selection of judges of existing inferior courts." H.J.R. No. 10, Session Laws 1961, p. 1077.

Therefore, at the time of the institution of this action no constitutional prohibition existed against the Justice Court hearing a suit involving property boundaries or title to the extent that the amount in controversy did not exceed $300.00. Since 1881, I.C. § 6–307, and its predecessors, have stated:

"Justices' courts have jurisdiction of proceedings under this chapter where the whole amount of rent and damages claimed does not exceed $300."

■■ It is our opinion that Art. 5, § 2 of the Idaho Constitution intended the legislature to be the sole authority in determining the jurisdiction of the inferior courts. We reject the suggestion made inferentially by the appellants that the legislature, following the adoption of Art. 5, § 2 of the Idaho Constitution, should have in some method re-enacted I.C. § 6–307. The simple retention of that section unchanged by legislative action, amply demonstrates the legislative intent regarding the jurisdiction of the then inferior court system.

We note further that no answer was ever made to the complaint on file in the Justice of the Peace Court and therefore no title or boundary of property was ever made "an issue" in the litigation.

■ Appellants also urge that the judgment issuing out of the Justice of the Peace Court was void for non-compliance with Rule 55(b) (2), I.R.C.P. That rule provides that when a party is entitled to judgment by default, "(i)f the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least three (3) days prior to the hearing on such application." It is undisputed that no such notice was issued in the case at bar. We are therefore required to consider the effect of the failure to give the required three-day notice of application for judgment by default. The courts, in applying Rule 55(b) (2), of the Federal Rules of Civil Procedure, and the courts of states which have adopted the substance of that rule, such as Idaho, have not been in harmony with respect to the effect of such failure. Some decisions hold that a judgment issued under such circumstances is void while others hold that the failure to give such a notice merely renders the judgment irregular and perhaps voidable. See 51 A.L.R.2d 837. We hold that the better reasoned decisions are those holding judgments issued in such circumstances to be irregularly obtained and voidable. Those decisions holding to the contrary appear largely to be cases based on a refusal of a trial court to vacate a default judgment issued without notice. In cases involving circumstances similar to the case at bar, in which collateral attacks upon said judgments are made, the courts are nearly uniform in holding that failure to give notice merely renders the judgment voidable. The record reveals no reason why plaintiffs herein did not or could not have complied with Rule 55(c) and Rule 60(b), I.R.C.P., to obtain the vacation of the judgment. In the absence of such showing, we hold that the default judgment entered without the three-day requisite notice was irregularly obtained and voidable and subject to proper proceedings for its vacation. However, absent such action or a showing which would excuse the lack of action for vacation, that judgment was and is not open to collateral attack in this proceeding.

■ Plaintiffs had no right to the occupancy of the property in question, absent the payment of rent, and were properly removed therefrom because of failure to pay the rent. Since defendants had properly entered the property and plaintiffs had been removed, it was necessary that the personal property of the plaintiffs also be removed. The removal of the property was arranged by the sheriff and the plaintiffs herein and the record is silent as to any intervention by the defendants. If plaintiffs indeed suffered damages by reason of the sale of their personal property for non-payment of storage fees, defendants cannot be held liable therefor.

The judgment is affirmed. Costs to respondents.

McQUADE, C. J., DONALDSON and SPEAR, JJ., and SMITH, D. J., concur.