547 P.2d 546
**RADIOEAR CORPORATION, a corporation, Plaintiff-Respondent,**

v.

**David F. CROUSE, dba Boise Hearing Aid Center, Defendant-Appellant.**

**No. 11743.**

Supreme Court of Idaho.

March 16, 1976.

Sept. 18, 1975.

Rehearing Denied April 15, 1976.

Peter E. Heiser, Jr., of Kidwell & Heiser, Boise, for defendant-appellant.

Frank E. Chalfant, Jr., Boise, for plaintiff-respondent.

McFADDEN, Justice.

Radioear Corporation instituted this action in magistrate's court against David F. Crouse, doing business as Boise Hearing Aid Center, seeking judgment on a debt allegedly owed by Crouse. After Crouse answered, Radioear Corporation moved for a default judgment and this motion was granted. Crouse moved to set aside the default judgment and this motion was granted. Crouse also moved to be allowed to file a counterclaim against Radioear Corporation, which was also granted. Radioear Corporation appealed to the district court from the orders setting aside the default judgment and permitting Crouse to file a counterclaim. The district court reversed both orders and Crouse appealed to this court. We reverse the district court's order and reinstate both magistrate's orders.

This case presents a tangled web of procedural steps which must be unraveled. Radioear Corporation instituted this action in magistrate's court alleging that Crouse owed Radioear a debt in the amount of $976.40. Crouse answered by his attorney denying that he owed Radioear Corporation the sum prayed for in the complaint.

Radioear Corporation served upon Crouse a set of interrogatories and a request for admissions which were answered.

Crouse's former attorney moved to withdraw as counsel of record and this motion was heard April 5, 1973. On May 9, 1973, the magistrate signed an order nunc pro tunc allowing the attorney of record to withdraw as of April 5, 1973. On April 6, 1973, Radioear Corporation served a notice by mail upon Crouse requesting him "to appear in person or to appoint another attorney to act for you". The notice informed Crouse that "[i]f you fail to appoint another attorney, or appear in person to defend and give the undersigned Notice of so doing within twenty (20) days from receipt of this Notice, the Plaintiff will take judgment, as prayed for in its Complaint, against you by default" pursuant to I.C. § 3–206.[1] Crouse did not appoint a new attorney, nor did he appear within the twenty day period.

Radioear Corporation moved for a default judgment on April 26, 1973; the attorney for Radioear Corporation submitted a sworn affidavit asserting that Crouse had not appeared or answered the summons and complaint served upon him. Citing Crouse's failure to appear, the magistrate entered default judgment against him on May 9, 1973. Crouse was not served with a three day notice of the application for a default judgment (I.R.C.P. 55(b)(2)), nor was Crouse later served with notice of the entry of judgment (I.R. C.P. 77(d)).[2]

Crouse became aware of the default judgment during a preliminary title search on his real property. Crouse retained his present attorney to represent him in this action and by his attorney petitioned the magistrate to set aside the default judgment August 10, 1973. Pursuant to I.C. § 10–1115, he deposited funds with the clerk

---

1. Repealed, S.L.1975, ch. 242 § 1. All references to the Idaho Rules of Civil Procedure are to the rules prior to the 1975 amendments, unless otherwise noted.

2. See n. 3, infra.

of the court to satisfy the judgment and obtained a release and satisfaction of judgment. Crouse thus was able to remove the cloud on the title to his real property created by the judgment lien and he sold the property.

Following a hearing on the motion, the magistrate ordered the default judgment set aside. In his memorandum opinion, the magistrate cited the following procedural irregularities:

"(1) *Notice to Appoint Attorney*, Pursuant to I.C. 3–206, was mailed to defendant April 6, 1973, while the actual *Order Allowing Withdrawal* was not signed until May 9, 1973 (the date default judgment was also entered), and never served on ᵒdefendant.

"(2) Defendant was never served with a 3-day Notice of Intent to Take Default pursuant to I.R.C.P. 55(b)(2).

"(3) The *Affidavit, Order* and *Judgment of Default* were erroneously based upon defendant's alleged failure to appear and answer, rather than upon his failure to appoint another attorney or appear in person, pursuant to I.C. § 3–206; nor was he served with notice pursuant to Rule 77(d). * * *."

Subsequent to the entry of the order setting aside the default judgment, Crouse moved to be allowed to amend his pleadings by adding a counterclaim against Radioear Corporation. The magistrate granted this motion.

Radioear Corporation appealed to the district court from the magistrate's memorandum opinion and order setting aside the default judgment and from the order granting Crouse's motion to allow a counterclaim. The district court reversed both the orders and Crouse appealed to this court.

■ Setting aside a default judgment is a matter committed to sound legal discretion of the trial court and such a decision will not be disturbed on appeal in the absence of an abuse of discretion. *Fisher v. Bunker Hill Co.*, 96 Idaho 341, 528 P.2d 903 (1974); *Western Loan and Savings Co. v. Smith*, 12 Idaho 94, 85 P. 1084 (1906).

Crouse had answered the complaint; thus, for a default judgment to be properly taken in this case, it must be pursuant to I.R.C.P. 55(b)(2). Under this rule, "[i]f the party against whom judgment by default is sought has appeared in this action, he * * * shall be served with written notice of the application for judgment at least three (3) days prior to the hearing on such application". I.R.C.P. 55(b)(2). No notice of application for default judgment was served. Crouse should also have been served with notice of the entry of the default judgment by the clerk of the court, which was not done. I.R.C.P. 77(d).[3] The failure to give either notice may be due to the affidavit submitted by the attorney for Radioear Corporation, in which he alleged that Crouse had failed to appear and answer. If Crouse had actually failed to appear, neither notice would have been required. I.R.C.P. 55, 77(d).[4]

■ A default judgment entered without the requisite three day notice is voidable as it has been irregularly obtained. *Acker v. Mader*, 94 Idaho 94, 481 P.2d 605 (1971). *See*, Wright and Miller, Federal Practice and Procedure; Civil § 2686 (1973). In most cases, the appropriate method to obtain relief from a voidable judgment would be a motion to vacate the

---

3. "Rule 77(d). *Notice of orders or judgments.*—Immediately upon the entry of an order or judgment the clerk of the district court shall serve a notice of the entry by mail in the manner provided for in rule 5 upon every party affected thereby who is not in default for failure to appear, and shall make a note in the docket of the mailing. * * *."

4. By the 1975 amendments to the Idaho Rules of Civil Procedure, notice of the entry of judgment should be given "to every party affected thereby". I.R.C.P. 77(d).

judgment pursuant to I.R.C.P. 55(c) [5] and 60(b)(1), (3), (6).[6] However, Crouse did not have notice of the application for the default judgment nor did he have notice of the entry of the default judgment so he was unable to comply with the 10 day limit of I.R.C.P. 60(b)(1), (2), (3) and (6) for filing a motion to vacate the default judgment in magistrate's court. We are presented with a situation where Crouse was not given the two required notices. As soon as Crouse became aware of the default judgment, he sought relief from that judgment. Upon this record, the magistrate did not abuse his discretion by setting aside a voidable default judgment.[7] I.C. § 5–905.[8] *See, Acker v. Mader, supra;*

*State ex rel. Symms v. V-1 Oil Company,* 94 Idaho 456, 490 P.2d 323 (1971); *Mountain States Implement Co. v. Sharp,* 93 Idaho 231, 459 P.2d 1013 (1969) (wherein this court held that I.C. § 5–905 was not completely abrogated by I.R.C.P. 60(b)); *Lowe v. Lowe,* 92 Idaho 208, 440 P.2d 141 (1968); *Rich v. Wylie,* 84 Idaho 58, 367 P.2d 763 (1962). But see, Wright & Miller, Federal Practice and Procedure, §§ 2864, 2866, 3084 (1973).

Radioear Corporation submits that Crouse, by satisfying the judgment by depositing funds with the clerk of the court pursuant to I.C. § 10–1115,[9] made an election of remedies and so is precluded from

5. "Rule 55(c). *Setting aside default judgment.*—For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with rule 60(b)."

6. Rule 60(b). *Mistakes, inadvertence, excusable neglect, newly discovered evidence, fraud, grounds for relief from judgment on order.*—On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), (3) and (6) not more than six (6) months in a district court, and not more than ten (10) days in the magistrates division of the district court after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. * * * This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to

set aside, as provided by law, within one (1) year after judgment was entered, a judgment obtained against a party who was not personally served with summons and complaint either in the state of Idaho or in any other jurisdiction, and who has failed to appear in said action, or to set aside a judgment for fraud upon the court."

7. By the 1975 amendments to the Idaho Rules of Civil Procedure, the time for filing a motion to vacate in magistrate's court, under I.R.C.P. 60(b)(1), (2), (3) and (6), has been changed from 10 days to six months. I. R.C.P. 60(b).

8. Repealed, S.L.1975, ch. 242, § 1.

9. "10–1115. *Additional procedure for satisfaction of judgment—Disposition of money.*— As a further procedure for the satisfaction of a judgment, and in addition to the satisfaction of a judgment as provided by law or rule of court, any person, against whom exists a judgment for the payment of money or who is interested in any property upon which any such judgment is a lien, may pay the amount due on such judgment to the clerk of the court in which such judgment was rendered, and such clerk shall thereupon release and satisfy such judgment upon the records of said court and the county in which such judgment was rendered; * * *. Unless the clerk of the court in which such judgment was rendered sooner turns over the money paid to him on such judgment to the person determined by such court to be entitled thereto, he shall turn the same over to the county treasurer of his county * * *. Said county treasurer shall at any time pay said money over to the person who shall be determined to be entitled thereto by the order of the court in which such judgment was rendered."

attacking the judgment. Radioear Corporation asserts that, if Crouse desired to attack the judgment, he should have obtained a stay of execution I.C. § 11–101.[10]

■ This argument is without merit.[11] We have a serious question as to whether the doctrine of election of remedies is applicable to the case at bar; Crouse was seeking relief from a judgment and not seeking to enforce a remedial right or to redress a wrong (except inasmuch as he was seeking to enforce his right to a trial on the merits of the claim). Black's Law Dictionary 4th ed., p. 1457 (1968); Dobbs, The Law of Remedies, § 1.1 (1973). *See Dahlquist v. Mattson*, 40 Idaho 378, 233 P. 883 (1925). However, for the purposes of this discussion we will assume without deciding that the doctrine of the election of remedies is applicable to the case at bar.

■ This court has defined the doctrine:

"Election of remedies is the right of a party in an action to choose one of two or more co-existing remedial rights, where such rights arise out of the same facts; but the term is generally limited to a choice by a party between inconsistent remedial rights, the assertion of one being necessarily repugnant to or a repudiation of the other." *Largilliere Co., Bankers v. Kunz*, 41 Idaho 767, 772, 244 P. 404, 405 (1925).

One of the elements which is a prerequisite to application of the doctrine is that the remedies available be inconsistent. *Boise Development Co. v. Boise City*, 30 Idaho 675, 167 P. 1032 (1917); *Eliott v. Collins*, 6 Idaho 266, 55 P. 301 (1898). Prior to the enactment of I.C. § 10–1115 in 1955, two "remedies" were available to a defendant confronted with a dilemma such as Crouse's; he could have satisfied the judgment (I.C. §§ 10–1113, 1114, repealed S.L. 1975, ch. 242, § 1) or he could have sought a stay of execution (I.C. § 11–101). Those "remedies" may be inconsistent, but, certainly, they would not have assisted this appellant, who was seeking to remove the cloud from his title caused by the judgment lien. However, by enacting I.C. § 10–1115, the legislature created a procedure which is essentially a hybrid between the two alternative procedures. In our opinion the legislature, by enacting this statute, had in mind guaranteeing a creditor full payment of his funds and yet awarding the judgment debtor an opportunity to clear the title to his property. Under I.C. § 10–1115, the judgment debtor may obtain a satisfaction of judgment by paying to the clerk of the court the amount of the judgment, thereby removing the lien (which in this case was blocking the sale of appellant's property); the clerk (or the county treasurer) holds the money and "pay[s] said money over to the person who shall be determined to be entitled thereto by the order of the court * * *." I.C. § 10–1115. The depositing of funds with the clerk under this statutory procedure is not inconsistent with an assertion of the right to move to vacate a judgment. We cannot say that Crouse, by availing himself of this procedure, elected not to contest the default judgment.

The magistrate's order vacating the default judgment is affirmed. Radioear Corporation does not argue that, if the default

---

10. "11–101. *Time within which execution may issue—Stay pending disposition of motions.—* * * *.

In its discretion and on such conditions for the security of the adverse party or parties as are proper, the court may stay the execution of, or any proceeding to enforce, a judgment pending the disposition of a motion for a new trial made pursuant to section 10–602, or a judgment notwithstanding the verdict made pursuant to sections 10–224 and 10–602,

or a motion for relief from a judgment or order made pursuant to section 5–905."

11. The record does not indicate that this issue was raised in the magistrate's court or on appeal to the district court. "Issues not presented to the trial court will not be considered on appeal." *Dunn v. Baugh*, 95 Idaho 236, 238, 506 P.2d 463, 465 (1973). Thus we cannot consider this argument as a basis for sustaining the district court's ruling.

judgment is set aside, Crouse should not be allowed to amend his pleadings by filing a counterclaim; therefore, the magistrate's order granting Crouse leave of the court to file a counterclaim is also affirmed. The district court's order reversing both magistrate's orders is reversed. Costs to appellant.

McQUADE, C. J., and BAKES, J., concur.

SHEPARD, Justice (dissenting).

The ultimate decision reached by the majority opinion in this case compels my dissent. The relatively simple question presented in this case is whether a litigant who voluntarily pays and satisfies a judgment may thereafter have that judgment set aside and vacated. The majority holds in the affirmative and I disagree.

The generally accepted test for determining whether payment or compliance with a judgment cuts off the defeated party's right to appeal or initiate other proceedings to attack the judgment is whether the performance is voluntary or involuntary. 39 A.L.R.2d 153–191, §§ 3.(b), 4(a). There is substantial agreement in this and other jurisdictions that payment or satisfaction of a judgment following execution is not voluntary and does not bar the granting of relief from the judgment. See *Falls Creek Timber Co. v. Day*, 39 Idaho 495, 228 P. 313 (1924); *Power County v. Evans Bros. Land & Livestock Co.*, 43 Idaho 158, 252 P. 182 (1926); *Backman v. Douglas*, 46 Idaho 671, 270 P. 618 (1928); 39 A.L.R.2d 166–168, § 6. The rationale for the rule appears to be that payment made under the threat of imminent levy and sale is under duress and therefore regarded as coerced. However, where as in the instant action, compliance with and satisfaction of the judgment is in the absence of execution, it is deemed voluntary compliance. There is, however, a split of authority upon that question. See *Reitano v.*

*Yankwich*, 38 Cal.2d 1, 237 P.2d 6, 39 A.L.R. 2d 191 (1951); *Ryan v. Engelke*, 285 S.W. 2d 6 (Mo.App.1955); *Beacon Home Equipment Co. v. Paulsen*, 343 Ill.App. 468, 99 N.E.2d 586 (1951); *Webb Const. Co. v. Crane Co.*, 52 Ariz. 299, 80 P.2d 698 (1938). See also, *Tong v. Miller*, 231 Mich. 356, 204 N.W. 108 (1925); *Griffis v. Harmon & Crane*, 108 So.2d 822 (La.App.1959); *Bates v. Nichols*, 223 Iowa 878, 274 N.W. 32 (1937). The terms release, acquiescence, estoppel, waiver and mootness have variously been applied to the consequences of voluntary payment. See *Webb Const. Co. v. Crane Co., supra; Chaney v. Baker*, 302 Ill. 481, 135 N.E. 14 (1922); *Scott v. Scott*, 218 La. 211, 48 So.2d 899 (1950); *Reserve Life Ins. Co. v. Frankfather*, 123 Colo. 77, 225 P.2d 1035 (1950).

The action of the lower court coupled with the majority opinion's affirmance on that portion of the case demonstrate that the appellant at the time of payment and satisfaction of judgment possessed a sound basis for otherwise attacking the default judgment. See I.R.C.P. 60(b); *Johnson v. McIntyre*, 80 Idaho 135, 326 P.2d 989 (1958); *Nielson v. Garrett*, 55 Idaho 240, 43 P.2d 380 (1935); *Davis v. Rathbun*, 79 Idaho 482, 321 P.2d 609 (1958).

Despite this available course of action, appellant here chose to first pay and satisfy the judgment and then seek to set it aside. I would conclude that such conduct was voluntary and waived any subsequent relief. *Griffis v. Harmon & Crane, supra; Muckey v. Baehr*, 158 Kan. 19, 145 P.2d 164 (1944). The majority herein and, of course, the appellant assert that appellant found it to his advantage to satisfy the judgment and thereby discharge the judgment lien which constituted a cloud on the title to real property which he then desired to sell. I cannot agree that payment under such circumstances constituted the compulsion of legal process or such coercion and duress which, as a matter of law should take this case out of the rule that volun-

tary payment of a judgment prevents later attack thereon.

Likewise, I cannot agree with the majority opinion that I.C. § 10–1115 creates some hybrid type of statutory animal which permits a defeated party to voluntarily pay and satisfy a judgment and receive the benefits thereof and simultaneously or thereafter seek to attack that judgment. I find nothing in the language of the statute indicating that it was intended to be more than a mere clarification and codification of the statutes that it replaced and merely note that the majority opinion cites no authority or rationale for its contrary conclusion.

DONALDSON, J., concurs.