486 P.2d 80

**MOUNTAIN STATES IMPLEMENT COMPANY, a corporation, Plaintiff-Respondent,**

v.

**John SHARP, Defendant-Appellant.**

No. 10706.

Supreme Court of Idaho.

June 10, 1971.

Gee & Hargraves, Pocatello, for defendant-appellant.

Harris & Cook, Shelley, and Young, Thatcher, Glasmann & Warner, Ogden, Utah, for plaintiff-respondent.

1. Refer to that case for the facts involved.

2. "5-905. General power to permit amendments—Relief from defaults—Negligence of attorney—Party relieved and attorney penalized.—The court may, in furtherance of justice and on such terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party or a mistake in any other respect, and may upon like terms, enlarge the time for answer or demurrer. The court may likewise, in its discretion, after notice to the adverse party, allow upon such terms as may be just an amendment to any pleading or proceeding in other particulars, and may, upon like terms, allow an answer to be made after the time limited by this code, and also relieve a party, or his legal representative, from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect; and whenever, for any reason satisfactory to the court or the judge thereof, the party aggrieved has failed to apply for the relief sought during the term at which such judgment, order or proceeding complained of was taken, the court, or the judge thereof in vacation, may grant the relief upon application made within a reasonable time, not exceeding six months after the adjournment of the term. Whenever any judgment, order or proceeding is taken against a party otherwise without default, through the neglect or failure of any attorney of such

PER CURIAM.

On October 17, 1969, this Court decided the case of Mountain States Implement Co. v. Sharp, 93 Idaho 231, 459 P.2d 1013 (1969).[1] That opinion, inter alia, instructed the trial court to consider I.C. § 5–905 [2] and impose on counsel for the defendant-appellant, such sanctions which in the discretion of the trial court appeared appropriate. Pursuant to that directive the trial court required counsel for the defendant-appellant to pay into court as expenses, $750 for attorney's fees incurred by plaintiff-respondent on appeal, plus mileage and printing costs which were then transmitted to the counsel for the plaintiff-respondent. Appellant in the instant case contends that the trial court erred by ordering counsel for the defendant-appellant, in the prior

party to file or serve any paper within the time limited therefor, the court, or the judge thereof, in vacation, shall, upon application filed within the time above limited, set aside such judgment, order or proceeding and may, in its discretion, require the attorney guilty of such failure or neglect to pay the costs or expenses actually and necessarily occasioned to the opposite party by such failure or neglect, and may, in its discretion, also impose upon such attorney a penalty of not exceeding $100.00. When from any cause the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant, or his legal representative, at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action. When, in an action to recover the possession of personal property, the person making any affidavit did not truly state the value of the property and the officer taking the property or the sureties on any bond or undertaking, is sued for taking the same, the officer or sureties may, in their answer, set up the true value of the property, and that the person in whose behalf said affidavit was made was entitled to the possession of the same when said affidavit was made or that the value in the affidavit stated was inserted by mistake, the court shall disregard the value as stated in the affidavit and give judgment according to the right of possession of said property at the time the affidavit was made."

lawsuit, to pay expenses and costs of plaintiff-respondent.

We are of the opinion that the trial court did not abuse its discretion and followed the directives enunciated in our prior opinion and properly assessed a penalty against counsel for the defendant-appellant [3] in accordance with I.C. § 5–905.

Order affirmed. Costs to respondent.

3. See Mountain States Implement Co. v. Sharp, *supra.*