# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 45146

PHH MORTGAGE,

    Plaintiff-Third Party Defendant-
    Counterdefendant-Respondent,

v.

CHARLES NICKERSON and DONNA
NICKERSON,

    Defendants-Counterclaimants-
    Third Party Complainants-Appellants,

and

COLDWELL BANKER MORTGAGE, a
d/b/a of PHH MORTGAGE,

    Third Party Defendant-Respondent,

and

JP MORGAN CHASE BANK, NA.,

    Third Party Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, June 2018 Term

Filed: August 1, 2018

Karel A. Lehrman, Clerk

---

Appeal from the District Court of the Second Judicial District of the State of Idaho, Clearwater County. Honorable Gregory FitzMaurice, District Judge.

The orders of the district court are <u>affirmed</u>.

Charles and Donna Nickerson, Orofino, appellants pro se.

Aldridge Pite, LLP, Boise, for respondents. Lewis N. Stoddard argued.

---

PER CURIAM

    This is the second appeal following a judicial foreclosure. Charles and Donna Nickerson initially appealed the district court's decision to grant summary judgment in favor of PHH Mortgage and J.P. Mortgage Chase Bank in a judicial foreclosure proceeding involving the Nickersons' approximately fifty acres of land in Clearwater County, Idaho (the "Property"). We affirmed the district court's summary judgment grant in *PHH Mortgage v. Nickerson*, 160 Idaho

388, 374 P.3d 551 (2016) ("*Nickerson I*") in April 2016. Following this Court's decision, the district court issued an order lifting the stay on its prior judgment, as well as an order of sale and decree of foreclosure. The district court also denied the Nickersons' post-appeal motions for sanctions, to quash execution and judgment, and to vacate or amend the order of sale and decree of foreclosure. The Nickersons now challenge several issues previously decided in *Nickerson I* as well as the district court's decisions on motions and orders subsequent to that decision. We affirm.

## I. BACKGROUND

This Court in *Nickerson I* provided a detailed factual record of the events surrounding this case:

> In October of 2002, Charles and Donna Nickerson (the Nickersons) purchased approximately 50 acres of land in Clearwater County, Idaho. The Nickersons executed a promissory note and a Deed of Trust in favor of Coldwell Banker Mortgage[, a subsidiary of PHH mortgage,] in the principal sum of $285,000. The district court determined that the original loan to the Nickersons was made by Coldwell Banker Mortgage and was originally serviced by Mortgage Service Center. In December of 2002, the note was assigned to Fannie Mae, and J.P. Morgan Chase acquired the note in November of 2007, at which point Chase Home Financial began servicing the loan. In February of 2010, Mortgage Service Center resumed responsibility for loan servicing, and in June of 2010, Chase assigned the note to PHH. As of December 1, 2013, the amount due on the note, including interest, was $340,339.84.

> On January 10, 2011, PHH filed a complaint against the Nickersons claiming that the Nickersons had defaulted on their loan and seeking to foreclose. On August 12, 2011, the Nickersons answered the complaint. On February 1, 2012, the Nickersons filed an amended answer, counterclaim, and third-party complaint against Chase. The Nickersons' answer, counterclaim, and third party complaint alleged, among other things: breach of the covenant of good faith and fair dealing, breach of note, breach of 12 U.S.C. § 2605, breach of the federal fair debt collection practices act, breach of the federal fair credit reporting act. In addition to these claims, the Nickersons also sought an award of punitive damages. On October 16, 2012, PHH and Chase each filed motions for summary judgment.

> On November 16, 2012, the district court granted in part and denied in part PHH's motion for summary judgment and granted Chase's motion for summary judgment. In granting Chase's motion for summary judgment, the district court concluded, "Chase's motion for summary judgment should be granted as to all of the Nickersons' third party claims for failure to present any evidence to support the elements of those third party claims, and/or the claims are not proper because the cited statutes do not apply to the facts of this case."

2

In its partial denial of PHH's motion for summary judgment, the district court stated: "PHH's motion for summary judgment should be granted as to all of the Nickersons' counterclaims for failure to present any evidence to support the elements of those counterclaims, and/or the counterclaims are not proper because the cited statutes do not apply to the facts of this case. Summary judgment should also be granted as to the Nickersons' affirmative defense...." However, the district court determined there was a genuine issue of material fact as to whether the Nickersons were in default in 2010 when PHH acquired its interest in the Nickersons' loan.

On December 5, 2012, the Nickersons filed a motion to reconsider. The motion stated that supporting documentation would soon be filed; however, on February 5, 2013, the district court denied the motion because the Nickersons had not presented a supporting memorandum following the motion.

On February 25, 2013, the Nickersons' attorney moved to withdraw. On May 15, 2013, the district court granted the withdrawal motion, and on August 19, 2013, the Nickersons filed a notice of appearance pro se.

On November 12, 2013, PHH filed a second motion for summary judgment, again contending that the Nickersons were in default and that they had not presented evidence to the contrary. On December 17, 2013, the Nickersons filed their own motion for summary judgment, supported by the affidavit of Charles Nickerson. PHH moved to strike the affidavit, and the district court granted the motion in part. The district court set the hearing on the cross-motions for summary judgment for February 11, 2014. On February 5, 2014, the Nickersons filed an unsuccessful motion to continue the hearing.

On April 4, 2014, the district court issued its order and final judgment granting PHH's motion for summary judgment and denying the Nickersons' motion for summary judgment. The district court concluded that the Nickersons had not presented evidence to support their conclusory allegation that they had not defaulted on their loan obligation.

Following judgment, the Nickersons filed three motions to reconsider and a motion for leave to amend their answer, counterclaim, third-party complaint and demand for a jury trial. On May 6, 2014, the district court issued an order denying the Nickersons' motions to reconsider, ruling them either untimely or inapplicable to a final judgment.

On May 15, 2014, the Nickersons filed a "Motion for Justice" in Clearwater County Idaho, and on May 16, 2014, the Nickersons filed a motion to suppress and strike the depositions of Charles and Donna Nickerson, which had been taken on October 3, 2012, prior to the initial motion for summary judgment.

On May 16, 2014, the Nickersons filed their notice of appeal. Subsequently, on June 6, 2014, the Nickersons filed a motion for relief with the district court. On June 11, 2014, the district court denied the Nickersons' motions for justice and relief. The district court treated the motions as motions to reconsider and

concluded that the Nickersons still had not presented any admissible evidence that would create a genuine issue of material fact.

On October 6, 2014, the Nickersons returned to the district court and filed a motion for relief from judgment or order. The Nickersons argued for relief under Idaho Rules of Civil Procedure 60(b)(1)–(3), and (6). Two weeks later, the Nickersons followed up by filing a motion to set aside judgment based on supplemental evidence of fraud on the court, filed October 21, 2014, and an edited motion to set aside judgment filed October 22, 2014. Those motions were both based on a claim of fraud under Idaho Rule of Civil Procedure 60(b)(3). The Nickersons argued they were entitled to relief based on: mistakes by the court; surprise due to the actions and withdrawal of their former counsel; excusable neglect due to their reliance on their former counsel; new evidence showing PHH did not have standing to pursue foreclosure; fraud regarding PHH's chain of title, the amount of default, and coercion of the Nickersons at closing; and misconduct of the opposing parties regarding the depositions of the Nickersons and the submission of a fraudulent affidavit. The district court denied the Nickersons' motions, concluding that the Nickersons failed to present admissible evidence to support their claims. The Nickersons now present the same arguments on appeal before this Court.

*Nickerson I*, 160 Idaho at 391–92, 374 P.3d at 554–55. This Court affirmed the district court's judgment and denied the Nickersons' various Rule 60 motions. *Id.* at 400, 374 P.3d at 563. We further held "that the Nickersons [] pursued th[e] appeal frivolously, unreasonably, and without foundation," and ordered them to pay attorney's fees. *Id.* On May 18, 2016, the Nickersons filed a petition for rehearing, which this court denied on July 19, 2016.

On April 11, 2017, the Nickersons filed in district court a motion for sanctions and a motion to quash execution and judgment. On April 13, 2017, the district court denied those motions and issued two orders, one lifting the stay it had granted during the pendency of the *Nickerson I* appeal, as well as an order of sale and decree of foreclosure. The Nickersons responded with two more motions on April 27, 2017—a motion to reconsider the district court's order denying their prior motions, and a motion to vacate or amend the order of sale and decree of foreclosure. The district court denied both motions on May 16, 2017. The Nickersons timely appealed.

## II. STANDARD OF REVIEW

The Idaho Appellate Rules require that parties' arguments "shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to authorities, statutes and parties of the transcript and record relied upon." I.A.R. 35(a)(6). If an appellant fails to "assert his assignments of error with particularity and to support his position

with sufficient authority, those assignments of error are too indefinite to be heard by this Court." *Bettwieser v. N.Y. Irrigation Dist.*, 154 Idaho 317, 322, 297 P.3d 1134, 1139 (2013) (quoting *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010)). This Court will not consider general attacks on the district court's conclusions absent "specific reference to evidentiary or legal errors." *Id.* Arguments of this type are deemed to have been waived. *Id.*

"Pro se litigants are not entitled to special consideration or leniency because they represent themselves." *Id.* Rather, "[p]ro se litigants must conform to the same standards and rules as litigants represented by attorneys, and this Court will address the issues accordingly." *Mendez v. Univ. Health Servs. Boise State Univ.*, 163 Idaho 237, 242, 409 P.3d 817, 822 (2018).

### III. ANALYSIS

**A. The "law of the case" doctrine prevents this Court from addressing issues that were already decided or could have been raised in *Nickerson I*.**

This Court must first address what issues are properly before it in this appeal. Idaho adheres to the "law of the case" doctrine, which provides that when "the Supreme Court, in deciding a case presented states in its opinion a principle or rule of law necessary to the decision, such pronouncement becomes the law of the case and must be adhered to throughout its subsequent progress, both in the trial court and upon subsequent appeal." *ParkWest Homes, LLC v. Barnson*, 154 Idaho 678, 683, 302 P.3d 18, 23 (2013) (quoting *Swanson v. Swanson*, 134 Idaho 512, 515, 5 P.3d 973, 976 (2000)). This "doctrine also prevents consideration on a subsequent appeal of alleged errors that might have been, but were not, raised in the earlier appeal." *Id.* (quoting *Taylor v. Maile*, 146 Idaho 705, 709, 201 P.3d 1282, 1286 (2009)).

The doctrine's principles are "best understood as rules of sensible and sound practice that permit logical progression toward judgment." Joan Steinman, *Law of the Case: A Judicial Puzzle in Consolidated and Transferred Cases and in Multidistrict Litigation*, 135 U. Penn. L.R. 595, 599 (1987). "Without something like it, an adverse judicial decision would become little more than an invitation to take a mulligan, encouraging lawyers and litigants alike to believe that if at first you don't succeed, just try again." *Entek GRB, LLC v. Stull Ranches, LLC*, 840 F.3d 1239, 1240 (10th Cir. 2016). This would lead to wasted judicial resources and increased delay in resolving cases, which would only serve to erode the public's trust in the court system. *Id.* (citing *McIlravy v. Kerr-McGee Coal Corp.*, 204 F.3d 1031, 1035 (10th Cir. 2000).

The Nickersons' appeal focuses heavily on issues this Court decided in *Nickerson I*. Of the seventeen issues they state in their opening brief, most involve an attempt to re-litigate the

prior determinations of this Court. Because we adhere to the "law of the case," this Court will not consider such issues. Accordingly, this Court will address only those issues that were not decided or could not have been raised in *Nickerson I*.

**B. The district court did not abuse its discretion in denying the Nickersons' motion to quash execution and judgment and motion to reconsider.**

In their motion to quash execution and judgment, the Nickersons claim that the district court had the duty to relieve them of the final judgment based on general allegations, including "fraud, misrepresentation, concealment, fraudulent suppression of material facts, bad faith, breach of trust, breach of contract, abusive debt collection practices, and other such criminal and malicious intent." Their briefing to this Court asserts the motion for summary judgment should have been denied because PHH lacked evidence of the default and provided contradictory facts.

Rule 60(b) of the Idaho Rules of Civil Procedure provides that a trial court may relieve a party from a final judgment or order for reasons of fraud, mistake, inadvertence, surprise, or excusable neglect, among other reasons. "The findings of fact made by the trial court in deciding the motion will not be set aside unless they are clearly erroneous." *Jonsson v. Oxborrow*, 141 Idaho 635, 638, 115 P.3d 726, 729 (2005). The trial court acts within its discretion provided it logically applies those facts to the Rule 60(b) criteria. *Id.*

The Nickersons' argument claiming they deserve relief from the district court's grant of summary judgment—affirmed by this Court in *Nickerson I*—is merely an attempt to re-litigate the foreclosure. If an appellant fails to "assert his assignments of error with particularity and to support his position with sufficient authority, those assignments of error are too indefinite to be heard by this Court." *Bettwieser*, 154 Idaho at 322, 297 P.3d at 1139 (quoting *Bach*, 148 Idaho at 790, 229 P.3d at 1152). The district court did not abuse its discretion when it determined that the Nickersons provided no factual or legal basis for their requested relief, and denied the motion.

Additionally, the Nickersons' motion to reconsider the district court's denial is simply a more verbose attempt at the re-litigation of the summary judgment and related issues decided in *Nickerson I*. Since a motion to reconsider requires a district court to "apply the same standard of review that the court applied when deciding the original order," the district court also did not abuse its discretion when it denied the Nickersons' motion to reconsider. *Westby v. Schaefer*, 157 Idaho 616, 621, 338 P.3d 1220, 1225 (2014) (quoting *Fragnella v. Petrovich*, 153 Idaho 266, 276, 281 P.3d 103, 113 (2012)).

**C. The district court did not abuse its discretion in denying the Nickersons' motion for sanctions and motion to reconsider the same.**

The district court also determined that the Nickersons' motion for sanctions—like their motion to quash execution and judgment—failed to include any factual or legal basis. Both the Nickersons' motion for sanctions to the district court and their briefing to this Court recite facts surrounding the initial summary judgment grant, including this Court's holding in *Nickerson I*. Generic, recycled accusations of false or misleading statements made by PHH leading up to summary judgment are belied by the final decision of this Court in *Nickerson I*, including our determination that the Nickersons pursued that appeal frivolously and failed to support their arguments with relevant legal citation. 160 Idaho at 400, 374 P.3d at 563. The district court did not abuse its discretion when it denied the motions after determining that these arguments provided no factual or legal basis on which to impose sanctions under either the Nickersons' original motion or their motion to reconsider.

**D. The district court did not abuse its discretion in denying the Nickersons' motion to vacate or amend the order of sale and decree of foreclosure.**

The Nickersons claim the district court erred in refusing to vacate or amend the order of sale and decree of foreclosure. They raise two issues regarding that order: (1) the Property should have been sold as separate parcels, and (2) contrary to the district court's order, they are entitled to possession during the one-year redemption period following a judicial foreclosure. PHH responds that the Nickersons provided no evidence that the Property was comprised of two parcels, and their perfunctory argument in briefing provides no supporting explanation or evidence. PHH further contends that the issue of possession is not ripe, since the Nickersons have not been divested of their possession. Additionally, even if ripe, PHH claims the Nickersons are not entitled to exclusive possession during the one-year redemption period.

First, the Nickersons claim that the Property consisted of two parcels that should have been sold one at a time lacks any support in the record. In their reply brief, the Nickersons attempt to supplement the record with additional documents, including an affidavit of Charles Nickerson dated nearly a year after their appeal was filed, and other documents purporting to relate to the Property. These documents are not part of the record in this case and are not properly before this Court on appeal. Since we will not consider general attacks on the district court's conclusions absent "specific reference to evidentiary or legal errors," this Court will not

7

consider the Nickersons bald assertions that the Property consisted of two parcels and should have been sold as such. *Bettwieser*, 154 Idaho at 322, 297 P.3d at 1139.

The Nickersons' second contention regarding this order, that they are entitled to exclusive possession during the redemption period, also fails. First, this Court disagrees with PHH that the claim is not ripe. In Idaho, a claim is ripe when "(1) the case presents definite and concrete issues; (2) a real and substantial controversy exists (as opposed to hypothetical facts); and (3) there is a present need for adjudication." *State v. Manley*, 142 Idaho 338, 342, 127 P.3d 954, 958 (2005) (citations omitted). The fact that PHH retracted its demand for possession does not obviate the district court's order permitting the purchaser to take possession after the sheriff's sale. That order thus allows the purchaser to dispossess the Nickersons during the redemption period, and PHH's current decision not to enforce it does not remove it from the realm of a real or substantial controversy.

Idaho Code section 11-402 allows the judgment debtor to "redeem the property from the purchaser within one (1) year after the sale" for "land of more than twenty (20) acres." The parties agree—and the order reflects—the Nickersons' right to redemption. The Nickersons claim that Idaho Code sections 11-310 and 11-401 through 11-403 allow them to maintain possession during the redemption period. "The interpretation of a statute is a question of law over which this Court exercises free review." *Neighbors for Responsible Growth v. Kootenai Cnty.*, 147 Idaho 173, 176, 207 P.3d 149, 152 (2009) (citing *State v. Hart*, 135 Idaho 827, 829, 25 P.3d 850, 852 (2001)).

Nothing in the redemption statutes mandate that a potential redeeming party is to maintain possession during the redemption period. In fact, Idaho Code sections 11-309 and 11-406 indicate the opposite is true. The certificate of sale "conveys to the purchaser all the right which the debtor had in such property on the day the execution or attachment was levied." I.C. § 11-309. Section 11-406 discusses waste during the redemption period, and relevant to this discussion, states that "it is not waste for the person in possession of the property at the time of sale, *or entitled to possession afterward*, during the period allowed for redemption, to continue to use it in the same manner in which it was previously used . . . ." I.C. § 11-406 (emphasis added). The inclusion of this language runs contrary to the Nickersons' contention that the potential redeeming party is entitled to possession after the sale and through the redemption period.

8

The Nickersons' reliance on this Court's prior decision in *Eastern Idaho Loan & Trust Co. v. Blomberg*, 62 Idaho 497, 113 P.2d 406 (1941), is misplaced. In *Blomberg*, this Court analyzed whether a district court's decree authorizing possession following a foreclosure sale was valid. *Id.* at 506–07, 113 P.2d at 410. We stated, "The decree conforms to the statute and cannot, reasonably, be construed to mean that respondent, or any other purchaser, is to have possession of the property prior to one year from the date of sale, nor prior to the issuance of a sheriff's deed." *Id.* However, the Court was merely analyzing the lower court's decree in that case, which did not authorize possession until the production of a sheriff's deed after the redemption period. *Id.* at 504, 113 P.2d at 409. The *Blomberg* decision did not mandate possession for potential redeemers until the redemption period lapsed.

Thirty years later, this Court confirmed that the right of possession transfers to the purchaser in *Acker v. Mader*, 94 Idaho 94, 481 P.2d 605 (1971). In *Acker*, the defendants were purchasers at a foreclosure sale, and they entered into an agreement to allow the plaintiffs—who lost the property to foreclosure—to rent the property. *Id.* at 95, 481 P.2d at 606. An attorney advised the plaintiffs that they did not need to pay rent during the redemption period. *Id.* The defendants sued, and when the plaintiffs neither paid rent nor vacated, the sheriff removed them pursuant to a judicial order. *Id.* This Court held:

> Defendants, upon their purchase of the property at the foreclosure sale, obtained all of the right, title and interest of plaintiffs in the property, and the only right of plaintiffs remaining thereafter was to re-obtain title within the statutory period of time by compliance with the redemption statutes. Therefore, defendants herein had the right to demand and receive the rents from plaintiffs and upon breach of that agreement, defendants were proper in their institution of action to recover the rents due or to remove plaintiffs from the property.

*Id.* at 96, 481 P.2d at 607 (citations omitted). Thus, based on the relevant statutes' wording and Idaho case law, the Nickersons were not entitled to possession during the redemption period. The district court did not abuse its discretion in denying the Nickersons' motion to vacate or amend the order of sale and decree of foreclosure.

**E. This Court will not consider issues raised for the first time on appeal.**

The Nickersons raise two issues for the first time on appeal: (1) "[w]hether it is lawful or just for an entity beside[s] PHH to purchase the Property with a credit bid when the decree of foreclosure only permits PHH to credit bid," and (2) whether a settlement agreement between PHH and the state of Idaho should lead this Court to overturn *Nickerson I* in the interest of

9

justice. "This Court will not consider issues raised for the first time on appeal." *Watkins Co. v. Estate of Storms*, 161 Idaho 683, 685, 390 P.3d 409, 411 (2017) (quoting *Clear Springs Foods, Inc. v. Spackman*, 150 Idaho 790, 812, 252 P.3d 71, 93 (2011)). Because these issues are being raised for the first time on appeal, this Court will not consider them.

**F. PHH is entitled to an award of attorney's fees on appeal.**

Finally, PHH requests attorney's fees pursuant to Idaho Code section 12-121. "In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties when the judge finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation." I.C. § 12-121. Attorney's fees will ordinarily not be awarded for an appeal brought in good faith and raising a genuine legal issue. *Nelson v. Nelson*, 144 Idaho 710, 718, 170 P.3d 375, 383 (2007) (citing *Chisholm v. Twin Falls Cnty.*, 139 Idaho 131, 136, 75 P.3d 185, 190 (2003)). "[R]easonable attorney's fees will only be awarded to the prevailing party under I.C. § 12–121 when the court is left with the abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably and without foundation." *Id.* (quoting *Balderson v. Balderson*, 127 Idaho 48, 54, 896 P.2d 956, 962 (1995)). "Such circumstances exist when an appellant has only asked the appellate court to second-guess the trial court by reweighing the evidence or has failed to show that the trial court incorrectly applied well-established law." *Nickerson I*, 160 Idaho at 400, 374 P.3d at 563 (quoting *City of Boise v. Ada Cnty.*, 147 Idaho 794, 812, 215 P.3d 514, 532 (2009)).

The Nickersons used this appeal to cast unsubstantiated aspersions and rehash every failed argument they made to the court below, and to this Court in *Nickerson I*. We find that the Nickersons pursued this appeal frivolously, unreasonably, and without foundation—just as they did in their prior appeal. Accordingly, PHH is entitled to an award of attorney's fees on appeal.

## IV. CONCLUSION

For the foregoing reasons, the Court affirms the district court's orders following *Nickerson I*, and grant costs and fees to respondent PHH.