## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 45677

RANDY BURNSIDE,

    Plaintiff-Appellant,

v.

NORTHWEST TRUSTEE SERVICE,
INC., an Idaho corporation,

    Defendant-Respondent,

and

MORTGAGE ELECTRONIC
RECORDING SYSTEMS, INC.,
COUNTRYWIDE HOME LOANS, INC.
dba AMERICA'S WHOLE LENDER,
FIDELITY NATIONAL TITLE
INSURANCE CO., ZAHE ELABED,
BANK OF NEW YORK MELLON AND
BANK OF AMERICA,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Filed: September 24, 2019

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Teton County. Hon. Bruce L. Pickett, District Judge.

Final judgment, <u>affirmed</u>.

Randy Burnside, Driggs, Idaho, pro se appellant.

Northwest Trustee Service, Inc., Redmond, Washington, respondent, did not participate on appeal.

HUSKEY, Judge

Randy Burnside appeals from the district court's final judgment, raising various arguments. Burnside's second amended notice of appeal asserts the district court erred in dismissing Burnside's claims related to procedural errors in the trustee sale, failing to issue a

memorandum, decision, and order related to Northwest Trustee Service's (NWTS) motion to dismiss, failing to schedule a hearing after NWTS filed a motion to withdraw, and failing to allow the substitution of NWTS.  In his appellant's brief, Burnside alleges the district court erred when it granted Bank of New York Mellon's (BONYM) motion for summary judgment on the grounds that Burnside's claims were barred by res judicata.  Burnside further claims the district court erred when it denied Burnside's motion for leave to amend his complaint to add Nationstar Mortgage, LLC (Nationstar), as a defendant.  Finally, Burnside requests the case be remanded to clarify issues in the record.  This Court affirms the district court's final judgment.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

After Burnside defaulted on his mortgage for his property, the bank began foreclosure proceedings.  Burnside filed an injunctive action to stay the foreclosure process, challenging the assignments of the deed of trust.  The district court entered summary judgment against Burnside.  Burnside appealed, but subsequently dismissed that appeal.

NWTS conducted a trustee sale of the property.  After the trustee sale, Burnside filed a new complaint against the same defendants and subsequently amended the complaint twice, alleging various causes of action--some arising from the assignments of the deed of trust and others related to alleged procedural errors in the trustee sale.  Burnside sought various claims for relief, including damages and quiet title.  The third time Burnside moved the court for leave to amend his complaint, he sought to add Nationstar as a defendant.[1]

BONYM moved for summary judgment arguing that res judicata and claim preclusion barred Burnside's causes of action.[2]  The district court granted BONYM's motion for summary judgment finding that in the previous injunction action, Burnside had the opportunity to litigate, and actually did litigate, many of the issues alleged in this case.  Finding that the claims arose out

---

[1] During the course of the case, the district court entered judgments dismissing defendants Bank of America, N.A., Countrywide Home Loans, Inc., d/b/a America's Wholesale Lender, Fidelity National Title Insurance Company, and Zahe Elabed; Burnside does not challenge the dismissals of these defendants.  Burnside also does not challenge the district court's grant of summary judgment in favor of Mortgage Electronic Recording Systems, Inc., or Bank of America.

[2] BONYM's motion for summary judgment is not included in the record.  This Court has addressed the arguments in the order in which the district court addressed the arguments that presumably were raised in the motion.

of the same operative facts, the district court held that the claims were barred by res judicata. As to Burnside's claims of unlawful foreclosure and claims of irregularity during the trustee sale, the district court held that Burnside did not assert any showing of wrongful action, and therefore, the claims failed on the merits. As to the motion for leave to amend the complaint, the district court made alternate rulings. The district court held that because all the claims were barred by res judicata, the motion was moot. Alternatively, the district court found that the third amended complaint failed to set forth a valid claim or to place Nationstar on notice of the claims against it. Consequently, the district court granted BONYM's motion for summary judgment and denied Burnside's motion for leave to amend the complaint.

Burnside filed a motion to reconsider and alleged the district court erred in granting summary judgment in favor of BONYM because the court incorrectly determined the claims were barred by res judicata. Burnside argued that two specific procedural errors were made related to the trustee sale. First, an unreasonable delay in the sale may have driven away potential bidders. Second, a timely affidavit of compliance was not filed as required by Idaho Code § 45-1506(A). Burnside reasoned that he could not have brought these claims in his first injunctive action because the allegations stem from the trustee sale, an event that had not yet occurred during the pendency of his initial action. Thus, Burnside alleges the claims were not barred by res judicata because he neither could have, nor should have, litigated them previously. Further, Burnside asserted that the district court should have granted leave to amend his complaint to add Nationstar as a defendant.

The district court denied Burnside's motion to reconsider. In its opinion and order denying the motion, the district court divided Burnside's challenges to the grant of summary judgment into two categories: one pertaining to the two alleged procedural errors in the trustee sale and the other encompassing Burnside's remaining claims. The district court addressed each of the alleged procedural errors as follows. The district court held Burnside neither provided any evidence that the fifty-five-minute delay wrongfully deterred any potential bidders nor any authority that the delay was wrongful. As to the claim that "the defendants"[3] failed to properly prepare the affidavit of compliance required under I.C. § 45-1506A(4), the district court held that

---

[3] Although the district court's order refers to BONYM as the entity that conducted the trustee sale, this statement is incorrect. All documents related to the sale indicated NWTS was the trustee and the entity that conducted the trustee sale.

Burnside failed to allege any facts to show he had been harmed. The district court also found that pursuant to I.C. § 45-1506A(2), (3), notice had been given and Burnside had actual notice of the sale. Additionally, the district court held that BONYM was entitled to summary judgment on the remaining claims because, as they arose out of the same cause of action and either had already been litigated, or could have been litigated, in the previous proceeding, they were barred by res judicata.

Finally, as to Burnside's motion for leave to amend his complaint, the district court denied the motion on two alternate grounds. First, any claim that Nationstar had been assigned the deed of trust was a claim barred by res judicata. Second, Burnside failed to allege a valid claim against Nationstar, and thus, failed to put Nationstar on notice of the claims against it as required by Idaho Rule of Civil Procedure 15(a). Consequently, the district court denied Burnside's motion to reconsider, affirmed the grant of summary judgment, and affirmed the denial of the motion to amend the complaint for a third time.

After the grant of summary judgment, NWTS filed a motion to dismiss Burnside's case against NWTS because of a lack of proper service. Burnside filed an objection to the dismissal. A hearing was held where the district court found that Burnside waived his appearance at the hearing, and the court orally granted the motion and ordered NWTS to prepare the order. It does not appear from the record that a written order granting the motion was ever filed, although Burnside was provided a transcript of the hearing for purposes of appeal.

Burnside prematurely filed a notice of appeal as no final judgment had yet been entered. In the body of the notice of appeal only BONYM was listed as the party against whom the appeal was taken and only BONYM was listed on the certificate of service. After the final judgment was entered, the Idaho Supreme Court dismissed the appeal because the required fees were not paid. Burnside filed another notice of appeal, which he subsequently amended twice. In the second amended appeal, the appeal at issue in this case, Burnside appeals only against NWTS and the certificate of service lists only NWTS. Although BONYM is listed in the caption as a defendant-respondent, BONYM is neither listed as an adverse party against whom Burnside is appealing nor as a party upon whom service was made in the certificate of service.

4

## II.

## STANDARD OF REVIEW

On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). Summary judgment is proper if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. I.R.C.P. 56(c). The movant has the burden of showing that no genuine issues of material fact exist. *Stoddart v. Pocatello Sch. Dist. No. 25*, 149 Idaho 679, 683, 239 P.3d 784, 788 (2010). The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000). Once such an absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses, or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under Idaho Rules of Civil Procedure 56(d). *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994). Disputed facts and reasonable inferences are construed in favor of the nonmoving party. *Castorena v. Gen. Elec.*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010). This Court freely reviews issues of law. *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III.

## ANALYSIS

**A.    Procedural Clarification of the Parties and Issues on Appeal**

**1.    Because BONYM was not listed as the party against whom Burnside was appealing or listed in the certificate of service, this Court is precluded from addressing any claims involving the grant of summary judgment in favor of BONYM or the denial to reconsider the grant of summary judgment**

Before reaching the arguments raised by Burnside in his appellant's brief, this Court is faced with several threshold questions concerning the parties on appeal. First, this Court must clarify the appropriate respondent on appeal.

The Idaho Appellate Rules set requirements that govern the naming and service of parties on appeal. Idaho Appellate Rule 6 provides that the original title of an action or proceeding, with the names of the parties in the same order, shall be retained on appeal by adding the designations of "appellant" and "respondent." Idaho Appellate Rule 20 contemplates the parties named in the appellate proceeding may not include all the parties to the action at the trial court. Because not all parties in the underlying action in the trial court may be parties to the appeal, I.A.R. 17 sets forth the information which should be contained, generally, in the notice of appeal, including "[t]he name of the appealing party and his attorney *and the name of the adverse party and his attorney.*" I.A.R. 17(d) (emphasis added). Where a notice of appeal is addressed to certain parties, naming them, its legal effect is limited to such parties only. *Glenn v. Aultman & Taylor Mach. Co.*, 30 Idaho 727, 727, 167 P. 1163, 1174 (1917); *see also Sec. Pac. Bank of Idaho, F.S.B. v. Curtis*, 123 Idaho 320, 327, 847 P.2d 1181, 1188 (Ct. App. 1993).

Additionally, I.A.R. 20 requires that "at the time of the filing of a notice of appeal or cross-appeal, the appellant or cross-appellant shall serve copies thereof upon all persons who were parties and who appeared in the proceedings below, whether or not they are parties to the appeal." Unless proper service has been made on all parties entitled to service under I.A.R. 20, jurisdiction does not exist to act on those matters on appeal which could adversely affect the unserved parties. *Campbell v. Bonneville Cty. Bd. of Comm'rs*, 126 Idaho 222, 225, 880 P.2d 252, 255 (1994).

Although Burnside identifies only NWTS in his second amended notice of appeal, in his appellant's brief, he makes several arguments against BONYM, particularly the grant of summary judgment in favor of BONYM and the district court's denial of the motion to

reconsider that grant of summary judgment. Because BONYM is not specifically named as an adverse party on appeal nor a party upon whom service of the appeal was made, this Court is precluded from considering any of Burnside's arguments regarding the district court's order granting BONYM's motion for summary judgment and the order denying Burnside's motion to reconsider that order.

Burnside did not comply with the above-mentioned rules in filing his second amended notice of appeal, as it relates to any claims against BONYM. The caption in Burnside's second amended notice of appeal includes the "appellant" and "respondent" designations as required by I.A.R. 6; but it designates all defendants as respondents on appeal. However, the body of the second amended notice of appeal names NWTS as the sole respondent, and the certificate of service lists NWTS as the only party served. This Court does not have jurisdiction to decide issues raised by Burnside which may affect BONYM's interests or rights established by the final judgment entered by the district court. This includes any challenges to the district court's order granting BONYM's motion for summary judgment and the order denying Burnside's motion to reconsider as it pertains to BONYM.

### 2. Although NWTS was ultimately dismissed from the case, the claims against NWTS are properly before this Court

In the order granting summary judgment and in the order denying Burnside's motion to reconsider, the district court erroneously listed BONYM as conducting the trustee sale, and thus granted BONYM's motion for summary judgment on the issues related to the trustee sale. However, NWTS conducted the trustee sale, not BONYM. NWTS was later dismissed from the case because Burnside failed to properly serve NWTS pursuant to I.R.C.P. 4(b)(2). The order dismissing NWTS was entered orally at the hearing at which Burnside waived any appearance, but no written order dismissing NWTS as a party was ever entered.

Generally, a dismissal of a party results in the dismissal of all claims against that party. *See Davidson v. Davidson*, 150 Idaho 455, 461, 248 P.3d 242, 248 (Ct. App. 2011). However, NWTS was a party to the case at the time the district court decided the issues regarding the trustee sale, NWTS was properly served with the appeal, and NWTS filed a notice indicating it wished to waive any participation in the appeal. Thus, because NWTS was a party to the case when the district court entered its rulings and could have participated in the appeal, but chose not to, this Court finds the claims arising from the trustee sale are properly before this Court.

7

**3.**     **The standard by which this Court can review the claims against NWTS and the alleged irregularities in the trustee sale**

The claims regarding the trustee sale were addressed in BONYM's motion for summary judgment as if BONYM had conducted the trustee sale, which it did not. The record does not indicate that NWTS joined in BONYM's motion for summary judgment. Thus, the district court addressed claims against NWTS in a motion NWTS never filed. None of the parties addressed this error by the district court, nor does Burnside address the error on appeal. Because BONYM is not a respondent listed on appeal, this Court cannot address any claims arising from the grant of summary judgment in favor of BONYM or the denial of Burnside's motion to reconsider the granting of summary judgment in favor of BONYM. However, as it relates to NWTS, this Court will analyze the claims involving NWTS's involvement in the trustee sale using the standard of review applicable to summary judgment issues.

**B.**     **The District Court's Findings Regarding the Trustee Sale Are Affirmed**

Having addressed the procedural problems in this case, the remaining issues before this Court are whether the district court erred in: (1) finding no genuine issue of material fact as related to the alleged irregularities in the trustee sale; (2) declining to allow Burnside to amend his complaint for a third time to add Nationstar; and (3) entering a final judgment after the notice of appeal had been filed.

On appeal, although Burnside lists as an issue a claim that the district court erred in granting summary judgment on the issue of res judicata, the district court did not grant summary judgment on the claims involving the trustee sale on res judicata grounds. Instead, the district court held that Burnside failed to cite any authority to support his claim that the fifty-five-minute delay was wrongful and failed to produce any evidence that the delay ultimately deterred potential bidders. As to the affidavit regarding the notice of compliance, the district court held that Burnside did not show how he was harmed by the alleged violation as it was undisputed that notice of the trustee sale was given and that Burnside had actual notice of the sale. Burnside did not address either of these holdings in his appellant's brief. As Burnside does not challenge the district court's specific holdings on this issue or support any claims regarding the trustee sale, he waives any claims regarding the district court's order on the trustee sale. *See* I.A.R. 35(a)(6); *PHH Mortg. v. Nickerson*, 164 Idaho 33, 38, 423 P.3d 454, 459 (2018); *see also Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).

8

Even if Burnside had sufficiently addressed the issues on appeal, his claims fail on the merits. The district court correctly held that in the absence of evidence, authority, and injury to support Burnside's allegations, there was no genuine issue of material fact as to NWTS's actions in the trustee sale.

**C.    Burnside Fails to Make Specific Allegations of Error Regarding the District Court's Denial of Burnside's Motion for Leave to Amend Complaint and Fails to Address the Alternate Grounds for the Denial of the Motion**

Burnside next argues the district court erred in denying his motion for leave to amend his complaint for a third time to add Nationstar as a defendant. The decision as to whether to grant leave to amend a complaint is within the discretion of the district court. *Dickinson Frozen Foods, Inc. v. J.R. Simplot Co.*, 164 Idaho 669, 682, 434 P.3d 1275, 1288 (2019). Although generally leave to amend should be freely given, "[a] district court does not abuse its discretion in denying a motion for leave to amend a complaint when the district court determines the claims sought to be added are not valid." *Id.*

The district court denied Burnside's motion for leave to amend because it held that Burnside's claims in the third amended complaint regarding Nationstar were barred by res judicata, in part because Burnside did not explain why the allegations regarding the assignment of the deed of trust could not, or should not, have been raised in the initial proceeding. The district court held that because the claims were barred by res judicata, the amended complaint was moot. As an alternative ground, the district court held that the complaint failed to put Nationstar on notice of the claims against it as required by I.R.C.P. 15(a).

On appeal, although Burnside offers generalized statements disagreeing with the district court's holding that res judicata barred the complaint, he fails to ultimately explain, with authority, citation to the record, and argument, why the issue of the 2013 assignment of the deed of trust to Nationstar could not, or should not, have been raised in the earlier proceeding. The Idaho Appellate Rules require that the parties' arguments "contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon." I.A.R. 35(a)(6). "If an appellant fails to assert his assignments of error with particularity and to support his position with sufficient authority, those assignments of error are too indefinite to be heard by this Court." *PHH Mortg.*, 164 Idaho at 38, 423 P.3d at 459. When an appeal only offers "general attack[s] on the findings and conclusions of the district court, without specific reference to evidentiary or

legal errors" the appellant fails to preserve the issue for appeal, *State v. McDay*, 164 Idaho 526, 528, 432 P.3d 643, 645 (2018), and so, "[a]rguments of this type are deemed to have been waived." *PHH Mortg.*, 164 Idaho at 38, 423 P.3d at 459. Consequently, Burnside has waived this issue for purposes of this appeal.

Burnside also fails to address the alternate ground given by the district court for the denial of his motion for leave to amend. Where a lower court makes a ruling based on alternative grounds and only one ground is challenged on appeal, the appellate court must affirm on the uncontested basis. *Morrison v. St. Luke's Reg'l Med. Ctr., Ltd.*, 160 Idaho 599, 609, 377 P.3d 1062, 1072 (2016).

Because Burnside only offers generalized grievances, but does not address alleged errors with particularity, and because he does not challenge the alternate ground provided by the district court for denying his motion, this Court affirms the district court's denial of Burnside's motion to amend his complaint for a third time.

## D.     The District Court Did Not Err in Entering a Final Judgment

In his appellant's brief, Burnside alleges:

> Defendant's failed to submit orders on motions they had prevailed upon. NWTS and the related law firm RCO legal, failed and closed in early November of 2017 and were placed in the hands of a State Court Receiver in Washington State. On November 8th or 9th (the handwritten date is difficult to read) Derrick O'Neill of RCO filed a motion to withdraw as attorneys for NWTS. This appeal was also then pending. Despite the stays in place pursuant to IRCP and this appeal the Court entered a "JUDGEMENT" on November 9th 2017. Certain documents were also filed with this court about NWTS' participation in the appeal and certain orders were entered by this court.

> This lay *pro se* Appellant does not fully comprehend matters pertaining to jurisdiction. But it would seem the entry of a "Judgement" at the time it was done was not proper and a remand to repair the record and correct procedural matters is in order.

This Court is unable to discern what argument Burnside is making and declines to speculate as to what the argument may be. "If an appellant fails to assert his assignments of error with particularity and to support his position with sufficient authority, those assignments of error are too indefinite to be heard by this Court." *PHH Mortg.*, 164 Idaho at 38, 423 P.3d at 459. When an appeal only offers "general attack[s] on the findings and conclusions of the district court, without specific reference to evidentiary or legal errors" the appellant fails to preserve the issue for appeal, *State v. McDay*, 164 Idaho 526, 528, 432 P.3d 643, 645 (2018), and

so "[a]rguments of this type are deemed to have been waived." *PHH Mortg.*, 164 Idaho at 38, 423 P.3d at 459. Consequently, to the extent the above excerpt fails to identify an issue, Burnside has waived consideration of the issue for purposes of this appeal.

To the extent the issue is that the district court did not have authority to enter a final judgment after the notice of appeal has been filed, Burnside is incorrect. Although dated November 9, 2017, the district court entered the final judgment on November 13, 2017. Burnside's notice of appeal filed October 20, 2017, attempted to appeal from the district court's order on summary judgment, entered July 13, 2017, and the district court's denial of Burnside's motion to reconsider, entered September 8, 2017. These are not appealable orders. *See* I.A.R. 11. An attempt to appeal from a nonappealable order does not divest the district court of jurisdiction to act in a case. *Marks v. Vehlow*, 105 Idaho 560, 567, 671 P.2d 473, 480 (1983). Because the district court had jurisdiction to enter the final order and did not issue any further orders or judgments following the entry of the final judgment on November 13, 2017, this Court finds no merit to this claim.

## IV.

## CONCLUSION

Burnside's failure to name and serve BONYM as a respondent on appeal precludes appellate review of any claims involving BONYM. The district court correctly found there was no genuine issue of material fact as to NWTS's alleged procedural errors in the trustee sale. The district court did not err in denying Burnside's motion to amend his complaint for a third time or entering a final judgment after a premature notice of appeal had been filed. The district court's final judgment is affirmed. Because NWTS did not participate in the appeal, no costs or fees are awarded.

Chief Judge GRATTON and Judge BRAILSFORD **CONCUR**.

11