**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48807**

| | |
|---|---|
| JOHN WILLIAM BOWKER, | ) |
| | ) **Filed: July 7, 2022** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jonathan Medema, District Judge.

Judgment dismissing petition for post-conviction relief, affirmed.

John William Bowker, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Chief Judge

John William Bowker appeals from the judgment dismissing his petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Bowker pled guilty to possession of a controlled substance, resisting and obstructing an officer, and domestic battery. Subsequently, Bowker filed a pro se petition for post-conviction relief and moved for the appointment of counsel. With the aid of appointed counsel, Bowker filed an amended petition, alleging his trial counsel was ineffective for failing to file a motion to suppress and for failing to discuss the possibility of filing one with Bowker before he pled guilty. After the State moved for summary dismissal of both claims, the district court summarily dismissed the claim that trial counsel was ineffective for failing to file a motion to suppress, concluding the allegations in Bowker's amended petition were insufficient to overcome the

1

presumption that trial counsel's performance was objectively reasonable. Following an evidentiary hearing, the district court denied post-conviction relief on Bowker's claim that trial counsel was ineffective for failing to discuss the possibility of filing a suppression motion with Bowker, concluding trial counsel did not act unreasonably in advising Bowker to plead guilty. The district court then entered a judgment dismissing Bowker's petition. Bowker appeals.

## II.

## ANALYSIS

Although Bowker is pursuing this appeal pro se, he must meet the same standards as those represented by counsel. *See Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id.* Thus, Bowker must comply with the Idaho Appellate Rules. As the appellant, Bowker has the burden of alleging and showing in the record an error by the district court in his post-conviction proceeding. *See Almada v. State*, 108 Idaho 221, 224, 697 P.2d 1235, 1238 (Ct. App. 1985). Under I.A.R. 35(a)(6), the argument in an appellant's brief must "contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon." This Court will neither search the record for error nor presume error on appeal. *LaBelle v. State*, 130 Idaho 115, 119, 937 P.2d 427, 431 (Ct. App. 1997). Additionally, assignments of error not asserted with particularity and supported with sufficient authority are too indefinite to be considered on appeal. *Liponis v. Bach*, 149 Idaho 372, 374, 234 P.3d 696, 698 (2010). Appellate courts will not consider general challenges to a trial court's findings and conclusions. *See PHH Mortg. v. Nickerson*, 164 Idaho 33, 38, 423 P.3d 454, 459 (2018).

Bowker dedicates his twelve-page, handwritten appellate brief to discussing the encounter with officers that resulted in the underlying criminal case and his interactions with trial counsel prior to pleading guilty, arguing that officers unlawfully seized and searched Bowker and that certain omissions by trial counsel constitute ineffective assistance. However, Bowker's appellate brief lacks a statement of issues presented on appeal as required by I.A.R. 35,[1] does not specify

---

[1] The failure of an appellant to include an issue in the statement of issues required by I.A.R. 35(a)(4) will generally eliminate consideration of the issue on appeal. *See Kugler v. Drown*, 119 Idaho 687, 691, 809 P.2d 1166, 1170 (Ct. App. 1991).

the applicable standard of review on appeal, lacks citations to the record of this case, and fails to identify an alleged error by the district court in Bowker's post-conviction proceeding.[2] Moreover, the manner in which Bowker frames his encounter with officers and interactions with trial counsel resembles the presentation of original claims for relief to be adjudicated by a trial court in the first instance. In essence, Bowker appears to seek a complete reevaluation of his ineffective assistance claims, not review of a specific error by the district court.

Even if we construed Bowker's appellate brief as challenging the summary dismissal of one of Bowker's ineffective assistance claims or the denial of the other after an evidentiary hearing, the challenges (which lack specific reference to legal or evidentiary errors) would amount to only a general attack on the findings and conclusions supporting the district court's decisions. Appellate courts will not consider such general challenges to a trial court's findings and conclusions. *See PHH Mortg.*, 164 Idaho at 38, 423 P.3d at 459. In sum, Bowker has failed to adequately present an issue for this Court to review on appeal. Consequently, Bowker has waived the right to appeal any errors in the dismissal of his claims for post-conviction relief.

### III.

### CONCLUSION

Bowker has failed to present an error by the district court with sufficient definition for this Court to review on appeal. Consequently, Bowker has failed to show error in the summary dismissal or post-evidentiary hearing dismissal of his ineffective assistance of counsel claims. Accordingly, the district court's judgment dismissing Bowker's amended petition for post-conviction relief is affirmed.

Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.

---

[2]    Bowker's reply brief contains additional arguments and citations to legal authorities not presented in his opening brief. Because the State could not respond to those arguments and authorities in its brief, the arguments will not be considered. *See Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005).