**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50247**

| | |
|---|---|
| MICHAEL JIM KELLY, | ) |
| | ) **Filed: January 30, 2024** |
| Plaintiff-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| KENDALL BRYAN KELLY, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Peter G. Barton, District Judge.

Judgment dismissing complaint, <u>affirmed</u>.

Michael Jim Kelly, Nampa, pro se appellant.

Madsen Beck PLLC; Kaleena M. Beck, Boise, for respondent.

_____

GRATTON, Chief Judge

Michael Jim Kelly (Michael) appeals from the district court's judgment dismissing his complaint. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

This case arose following the death of Melba Wilkie, mother of the parties. Prior to Wilkie's death, her children provided care as her health declined over several years.[1] During her later years, Wilkie resided with family, in-care facilities, and hospitals following injuries. In 2014, Wilkie executed a power of attorney appointing Kendall Kelly (Kendall) as her agent. In November 2014, Kendall cashed out Wilkie's CDs to pay for her care, repairs for her house prior to its sale, and medical bills. Wilkie spent a few months during 2015 in Michael's home and under his care. The siblings agreed to pay Michael $1,600 per month while Wilkie stayed there. Michael and his wife were paid approximately $15,000 as reimbursement for costs associated with care

---

[1]      Wilkie had three sons: Kendall, Michael, and Patrick (Timothy) Kelly.

1

over a number of years. Kendall and Timothy also received $15,000 each for the costs and time involved in caring for Wilkie. Wilkie died in April of 2021. According to Kendall, Wilkie's remaining funds were used to pay for costs of care prior to her death and any residual items were distributed to friends and family. Michael took kitchen items, totes with small effects, and a coffee table. The remaining items were of nominal value which were either donated or Kendall stored. Neither Michael nor any other heir received any inheritance or distribution, and Wilkie's estate did not proceed through probate.

Subsequently, Michael sued Kendall alleging he did not receive distribution or proceeds following Wilkie's death. Following certain discovery and related motions, Kendall filed a motion for summary judgment. Kendall argued the complaint did not assert cognizable claims, lacked evidentiary support, and the statute of limitations had passed for other potential claims. The district court granted Kendall's motion, citing Idaho Rules of Civil Procedure 12(b)(6) and 56(c)(1), finding Michael had failed to properly plead claims and submit statements under oath such as would create a genuine issue of material fact. Michael appeals.

## II.

## STANDARD OF REVIEW

As an appellate court, we will affirm a trial court's grant of an I.R.C.P. 12(b)(6) motion where the record demonstrates that there are no genuine issues of material fact and the case can be decided as a matter of law. *Coghlan v. Beta Theta Pi Fraternity*, 133 Idaho 388, 398, 987 P.2d 300, 310 (1999). When reviewing an order of the district court dismissing a case pursuant to Rule 12(b)(6), the nonmoving party is entitled to have all inferences from the record and pleadings viewed in its favor, and only then may the question be asked whether a claim for relief has been stated. *Coghlan*, 133 Idaho at 398, 987 P.2d at 310. The issue is not whether the plaintiff will ultimately prevail, but whether the party is entitled to offer evidence to support the claims. *Orthman v. Idaho Power Co.*, 126 Idaho 960, 962, 895 P.2d 561, 563 (1995). The key to a valid pleading is that it must put the other party on notice of the claims against it. *Mortensen v. Stewart Title Guar. Co.*, 149 Idaho 437, 443, 235 P.3d 387, 393 (2010).

On appeal from a motion for summary judgment, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). Summary judgment is proper if the pleadings, depositions, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. I.R.C.P. 56(c). The movant has the burden of showing that no genuine issues of material fact exist. *Stoddart v. Pocatello Sch. Dist. No. 25*, 149 Idaho 679, 683, 239 P.3d 784, 788 (2010). The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000). Once such an absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under I.R.C.P. 56(d). *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994). Disputed facts and reasonable inferences are construed in favor of the nonmoving party. *Castorena v. Gen. Elec.*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010). This Court freely reviews issues of law. *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

Pro se litigants are not entitled to special consideration or leniency because they represent themselves. *PHH Mortg. v. Nickerson*, 164 Idaho 33, 38, 423 P.3d 454, 459 (2018). Rather, "[p]ro se litigants must conform to the same standards and rules as litigants represented by attorneys, and this Court will address the issues accordingly." *Id.* (quoting *Mendez v. Univ. Health Servs. Boise State Univ.*, 163 Idaho 237, 242, 409 P.3d 817, 822 (2018)).

### III.

### ANALYSIS

Michael generally asserts that he pled cognizable claims against Kendall. Michael also argues the district court abused its discretion by not considering certain evidence in regard to the motion for summary judgment. Kendall argues the district court did not err in dismissing the complaint pursuant to I.R.C.P. 12(b)(6) and, alternatively, summary judgment pursuant to I.R.C.P. 56. More specifically, Kendall asserts Michael's complaint did not make any specific legal claim upon which relief could be granted, failed to satisfy notice pleading standards, and any

3

other claims are time barred under Idaho Code § 15-3-801.[2]  Additionally, Kendall argues that summary judgment was appropriate because Michael failed to submit admissible evidence in response to the motion for summary judgment.  Kendall also requests attorney fees pursuant to I.C. §§ 12-121 and/or 12-123.

The district court determined that Michael's complaint was deficient because it did not state a cause of action or prayer for relief.  The district court stated that "the Complaint identifies no conduct by Ken that was wrongful."  The district court found that Kendall had not been put on notice of when or what he had allegedly done that resulted in a breach of duty or a tort.  The district court held the pleading deficiencies alone were sufficient to dismiss the complaint under Rule 12(b)(6).  We agree.

The Idaho Rules of Civil Procedure establish a system of notice pleading.  *Cook v. Skyline Corp.*, 135 Idaho 26, 33, 13 P.3d 857, 864 (2000).  A complaint need only contain a concise statement of the facts constituting the cause of action and a demand for relief.  *Clark v. Olsen*, 110 Idaho 323, 325, 715 P.2d 993, 995 (1986).  "Idaho's 'notice pleading' system requires a plaintiff's complaint to 'state an underlying cause of action and the facts from which that cause of action arises.'"  *Smith v. Glenns Ferry Highway Dist.*, 166 Idaho 683, 697, 462 P.3d 1147, 1161 (2020) (quoting *Navo v. Bingham Mem'l Hosp.*, 160 Idaho 363, 375, 373 P.3d 681, 693 (2016)).  Michael's complaint states no cause of action, fails to allege or articulate elements of any claim, and states no prayer for relief.  Indeed, there were no facts alleged that would allow Kendall to even foresee the possibility of a given cause of action.  *Brown v. City of Pocatello*, 148 Idaho 802, 809-10, 229 P.3d 1164, 1171-72 (2010) ("Our notice pleading standard requires more than a naked recitation of facts from which a hyper-vigilant attorney could possibly foresee the possibility of a given cause of action.").

As an independent basis for dismissal, the district court determined that summary judgment under Rule 56 was also appropriate.  The district court noted that Kendall filed a declaration under oath setting forth his version of the facts.  On the other hand, the district court found that Michael

---

[2]     Kendall argues that, although no such claims are discernable from the pleadings, to the extent Michael raises creditor claims, they expired under Idaho Code § 15-1-201 because the deadline to file was April 17, 2022. I.C. § 15-3-803. However, as the district court did not address any creditor claims and Michael does not assert error thereby on appeal, we need not address any such claims.

failed to submit evidence to create a genuine issue of material fact. The district court noted that Michael filed two responses to Kendall's motion for summary judgment, one of which had the term "declaration" in its title. However, neither opposition memoranda contain statements under oath. Michael's failure to submit his version of the facts under oath (or otherwise comply with Rule 56(c)(1)) resulted in there being no genuine issue of material fact and summary judgment was appropriate.

On appeal, Michael argues he did submit affidavit testimony that the district court erroneously ruled was barred as hearsay. In his brief, Michael claims the district court's memorandum decision granting Kendall's motion for summary judgment specifically references the "Esquired Affidavit"[3] as part of its analysis, but then specifically excludes the "chain of title analysis" as "hearsay."[4] He further claims that the chain of title analysis contains the factual basis for his claim and to exclude it from the analysis is to effectively negate the claim. Michael claims that:

> The Esquivel Affidavit is sworn to, and was considered by the Court unfortunately, the Affidavit contains only a portion of the information that is in the chain of title analysis. The affidavit makes evident in plan [sic] terms that it was made in support of the chain of title analysis. The chain of title analysis contains the same affidavit within it, and the two are clearly meant to be part of the same material.

As is discernable, Michael's appeal rests on his assertion that the "Esquivel Affidavit" and the chain of title constituted non-hearsay factual support for his claim and that the district court erred in ruling it was inadmissible hearsay and, therefore, not considered in the summary judgment analysis.

Contrary to his assertion, Michael did not submit an affidavit under oath relative to the motion for summary judgment. Most importantly, the district court did not rule any such affidavit was inadmissible under hearsay rules. There is no reference in the district court's ruling to an "Esquired Affidavit," "Esquivel Affidavit," "chain of custody analysis," or "hearsay" which would preserve these issues on appeal. As Michael has failed to support his appellate claims with cogent

---

[3] Later referred to as the "Esquivel Affidavit."

[4] Michael cites to the record at 108, et seq.; however, page 108 in the record is a copy of a letter and page 108 in the supplemental record is a lawyer's bill. Michael has pointed to no ruling of the district court in the record containing the ruling he claims the district court made.

argument, relevant authority, and proper citation to the record, this Court need not consider the issue further. *See Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010). Consequently, Michael has failed to show error in the district court's grant of summary judgment in favor of Kendall.

Kendall argues pursuant to Idaho Appellate Rule 41 that he is entitled to attorney fees on appeal under I.C. §§ 12-121 and/or 12-123, because Michael failed to raise or support in the record a colorable issue in opposition to the motion for summary judgment or on appeal.

An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation. We award attorney fees to Kendall. Michael's appeal fails to cite factual or legal support for any claims and misconstrues the record.[5] This appeal was brought unreasonably and without legal or factual foundation.

## IV.
## CONCLUSION

Michael failed to show a genuine issue of material fact and Kendall was entitled to judgment as a matter of law. Accordingly, we affirm the district court's judgment dismissing Michael's claims. Costs and attorney fees are awarded to Kendall.

Judge HUSKEY and Judge LORELLO **CONCUR**.

---

[5] To the extent Michael claims that the district court erred in awarding attorney fees to Kendall, the district court's award of attorney fees and costs is affirmed.